# RYAN v. PACIFIC AXLE COMPANY.

## S. F. No. 2051; March 24, 1902.

### 68 Pac. 498.

**Corporate Officer—Action for Salary—Self-serving Declaration.** In an action against a corporation for salary as secretary, defended on the ground that the claim therefor had been waived by special agreement, a statement prepared by a bookkeeper of defendant at plaintiff's request containing entries of amounts of salary due on the debit side of the ledger in favor of plaintiff was a self-serving declaration, whose admission was prejudicial error.[1]

**Appeal—Harmless Error.—A Case Having Been Tried on the Theory** that a particular issue was presented, a party cannot claim on appeal that there was no such issue, for the purpose of claiming as harmless error in admitting evidence thereon.

**Corporate Officer—Waiver of Salary.—To Sustain the Right** of the secretary of a corporation to claim a salary for his services after he had waived the right thereto by a special agreement with other officers, whereby each was to do likewise, it cannot be shown that another officer had received money from it by reason of questionable transactions.

---

[1] Cited in the note in 136 Am. St. Rep. 917, on the right of officers of a corporation to compensation for their services.

APPEAL from Superior Court, City and County of San Francisco; Wm. R. Daingerfield, Judge.

Action by Thomas E. Ryan against the Pacific Axle Company, a corporation. From a judgment for plaintiff, defendant appeals. Reversed.

W. S. Goodfellow and Garret W. McEnerney for appellant; Reinstein & Eisner for respondent.

COOPER, C.—This action was brought to recover of defendant corporation the sum of $1,819.31 for alleged services rendered by plaintiff's assignor, McCrosson, as secretary of defendant, at a salary of $75 per month, for the two years prior to the commencement of the action, October 19, 1895. The case was tried with a jury, and a verdict returned in favor of plaintiff for the sum of $1,050. Defendant made a motion for a new trial, which was denied, and this appeal is from the judgment and order.

The principal defense relied upon was that a special agreement had been made in May, 1892, between McCrosson, the secretary of defendant, Noble, the president, and Hendrie, a director, and the superintendent, by which they each and all agreed to serve thereafter without salary, and to waive and forego any future salary. To this defense the defendant directed most of its evidence, and presented testimony which would have justified the jury in finding the agreement to have been so made. The defendant called one Spillane, who was its bookkeeper at the times mentioned in his evidence. He gave important testimony tending to support the contention of defendant as to the agreement. He had charge of defendant's books, and was cross-examined as to various items in the ledger. He was during cross-examination shown a paper by plaintiff's counsel which he testified was prepared in response to a request from McCrosson, who was admitted to be interested in the case, and was taken partly from the books of defendant; but in the statement were certain entries on the debit side of the ledger which were made at the time of preparing the statement, at the suggestion or dictation of McCrosson. These entries were: "Salary from April 31st, 1892, to December 31st, 1892, 8 months, at $75, $600. Salary 12 months, at $75, year 1893, $900. 1894, sal-

ary 11 months, at $75, $825." Counsel for defendant objected to the paper being received in evidence upon the ground that it is a self-serving declaration. The court overruled the objection, and the paper was read in evidence. This was clearly prejudicial error. It was, as to the items herein quoted, purely an ex parte statement, made by McCrosson, or by the witness Spillane at the request of McCrosson. It was not a copy of the book of entries, and was not even made under the sanction of an oath. The question before the jury was as to whether or not the salary continued after May, 1892. The document, being made by defendant's bookkeeper, might have been regarded by the jury as an admission or entry of a solemn nature tending to prove the fact that the corporation was to pay McCrosson's salary during the time in controversy. It cannot be said that the jury disregarded it. The judge, in overruling the objection, certainly treated it as material and competent. After it had received judicial sanction, and was admitted in evidence, it is natural to presume that the jury treated it as of some importance. If the judge thought it important and competent, it would be absurd to assume that the jury, notwithstanding this, looked at it from the critical standpoint of a lawyer. The defendant had the right to insist upon the case being tried upon legal and competent evidence. It may be that this piece of evidence was the straw that tipped the scales in favor of plaintiff. While this court always hesitates to reverse a case on account of an error in the admission of evidence, yet it will do so where it is not clear that the error was harmless.

It is said by respondent that the testimony of Spillane as to making the entries is contradicted by McCrosson. McCrosson testified that the defendant never gave him credit for his salary, and that he returned the first statement given him by Spillane, and told Spillane that he wanted a statement of his salary credits. Respondent further contends that there was no issue made by the pleadings as to the special agreement of May, 1892, and that for this reason the evidence was harmless. A conclusive answer to this is that the evidence was all admitted and the case tried upon the theory that the issue was presented by the pleadings. No single objection appears to have been made as to the relevancy of the evidence under the pleadings. Not only

this, but the court instructed the jury that, if they believed from the evidence that McCrosson waived his salary, the plaintiff could not recover. The evidence further showed that about May, 1892, the principal part of defendant's business was turned over to the Atlas Iron Works, a corporation in which McCrosson was interested, and of which he was a director. He became secretary of the latter corporation about this time, and received a salary of $150 per month from it. This salary was paid by the latter corporation during the time plaintiff claims he should receive a salary from the defendant. This evidence having been received without objection upon the theory that it was relevant under the issues, plaintiff will not now, for the first time, be allowed to claim that there was no such issue: McDougald v. Hulet, 132 Cal. 154, 64 Pac. 278. In the cross-examination of the witness McCrosson as to the agreement of May, 1892, waiving salaries, counsel for defendant asked questions for the purpose of showing that after this date the president did not receive any salary. In answer to a question the witness volunteered the remark that the president ''drew fifty dollars a month on another account, which was equivalent, from the company.'' Counsel for defendant moved to strike out this voluntary statement and the court denied the motion. On redirect examination plaintiff's counsel asked the witness the following question: ''You spoke of Mr. Noble having received $50 per month from some other source, which was the equivalent of his salary. What do you mean by that?'' To this question counsel for defendant objected on the ground that it was incompetent, irrelevant and not redirect examination. The court overruled the objection, and the witness was allowed to go into the details of a lease, through a member of Noble's family, to defendant, of a piece of land, by which Noble made $50 per month out of defendant. It is not necessary to decide as to whether or not this evidence is of such character that, standing alone, it would necessitate a reversal of the case. It was clearly incompetent, and the rulings of the court in relation thereto erroneous. Plaintiff could not claim a verdict for the salary of McCrosson by showing that some other officer of defendant received money by reason of questionable transactions. If McCrosson made an agreement, upon valid consideration, to forego and not charge any salary, the agreement was binding upon him,

even if every other officer of the corporation made money out of it by improper methods. It is unnecessary to discuss other alleged errors.

The judgment and order should be reversed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed.