[Civ. No. 1941. Second Appellate District.—March 28, 1917.]

## BARNETT SCHNIEROW, Respondent, v. W. S. BOUTAGY et al., Appellants.

LANDLORD AND TENANT—AGREEMENT FOR LEASE OF STOREROOM—DAMAGES FOR BREACH.—In an action to recover damages for the breach of a contract whereby the defendant agreed to lease to the plaintiff a storeroom then in process of construction, the plaintiff is not entitled to recover any damages for the loss incurred by him in selling his business at another location, as the parties, when they made the contract, did not contemplate that plaintiff in reliance upon their agreement should give his property away or sell it at a sacrifice.

ID.—DAMAGES FOR BREACH OF CONTRACT.—The damages that can be recovered for a breach of a contract are only such as may reasonably be supposed to have been within the contemplation of the parties at the time of the making of the contract, as the probable result of a breach; other damages are too remote.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Grant Jackson, Judge.

The facts are stated in the opinion of the court.

William H. Fuller, for Appellants.

Baird, Gerecht & Chambers, for Respondent.

SHAW, J.—Plaintiff obtained judgment in the sum of
$502 against defendants as damages for breach of a contract
whereby the latter agreed to lease to the former a storeroom
then in process of construction. Defendants appeal upon
the judgment-roll.

As alleged in the complaint and found by the court, plaintiff in reliance upon defendants' agreement, disposed of his

business on Temple Street at a loss of four hundred dollars, changed his residence at a cost of $15, and incurred a loss of time, to his damage in the sum of $87, in securing another storeroom.

Conceding the loss of time and expense of removal incurred by plaintiff so .found by the court to have been a detriment proximately caused by the breach of defendants' contract, we are unable to perceive how the loss due to the sacrifice sale of his business could be attributed to such breach. "It is the well-settled general rule of damages for any breach of contract that the damages that can be recovered for a breach are only such as may reasonably be supposed to have been within the contemplation of the parties at the time of the making of the contract, as the probable result of a breach. Other damages are too remote." (*Hunt Bros. Co.* v. *San Lorenzo Water Co.*, 150 Cal. 51, [7 L. R. A. (N. S.) 913, 87 Pac. 1093].) Certainly the parties, when they made the contract, did not contemplate that plaintiff in reliance upon their agreement should *give his property away* or sell it at a sacrifice. In cases of this character, the measure of damages for a breach of contract "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." (Civ. Code, sec. 3300.) Upon this record, the loss incurred by plaintiff in selling his business at a sacrifice cannot be attributed to the act of defendants in refusing to comply with their contract. (*Mitchell* v. *Clarke*, 71 Cal. 163, [60 Am. Rep. 529, 11 Pac. 882].) Indeed, had there been no breach of the contract on the part of defendants, plaintiff's loss would have been precisely the same.

Under this view, it is apparent that the findings do not support the judgment rendered by the court; nevertheless justice between the parties may be accomplished by a modification thereof. It is, therefore, ordered that the judgment be modified by deducting therefrom the sum of four hundred dollars, leaving a balance of $102; and since as thus modified plaintiff is not entitled to costs (Code Civ. Proc., sec. 1025), the award of $15.70 as costs of suit is stricken therefrom. As thus modified the judgment is affirmed.

Conrey, P. J., and James, J., concurred.