[Civ. No. 7654. Second Appellate District, Division One.—June 15, 1933.]

C. A. DOUGLASS, Jr., Respondent, v. GUARDIAN HOLD-ING CORPORATION (a Corporation), Appellant.

Victor Ford Collins for Appellant.

William Ellis Lady for Respondent.

DESMOND, J., *pro tem.*—This is an appeal by defendant from a judgment awarding plaintiff the sum of $2,352.06, made up as follows: $1,000 for time lost by plaintiff in preparing to enter into a garage business on premises of defendant; $1,000 for conversion of certain personal property belonging to plaintiff; $126.43 for wages of a watchman guarding said personalty; $225.83 for loss sustained by plaintiff in relation to articles of equipment which he purchased in anticipation of engaging in said garage business. In totaling the specific items above mentioned, an error of twenty cents in favor of the defendant appears in the judgment.

The matters complained of were originally covered by a single complaint, the first count of which sought damages for conversion, the other counts, damages arising out of a transaction in relation to a lease. The first count was later dismissed and a separate action filed in lieu thereof and this new action was consolidated for trial with the original action. The appeal is upon the judgment-roll alone, and attacks particularly the findings made by the lower court as the basis of its judgment.

In the fall of 1927 defendant was erecting two buildings; a large apartment house, known as the Guardian Apartments, and, on the same premises, a one-story garage building. According to the findings, plaintiff and defendant on October 31, 1927, entered into an agreement in writing bearing that date, whereby defendant leased to the plaintiff said garage building for a ten-year period from and after "said Guardian Apartments were officially accepted by the lessor from the builder thereof, and said apartments were open to receive tenants and from and after written notice of said acceptance had been given by the defendant to plaintiff". The court also found "that said Guardian Apartments and said garage should have been completed and should have been officially accepted by the defendant from the builder thereof and said building opened to receive tenants and written notice of such acceptance should

have been given plaintiff on or about the 15th day of January, 1928, and that ample time elapsed between the 31st day of October, 1927, the date of said lease, and said 15th day of January, 1928, within which it should have as aforesaid completed said building; that said Guardian Apartments and said garage were not completed and ready for tenants until on or about the 1st day of May, 1928, which the court finds to be an unreasonable length of time''.

In paragraph 21 of the findings the following appears:

''21. The court finds that plaintiff lost time equal to at least one full month between the 31st day of October, 1927, and February 1, 1928, and two and one-third months between the 1st day of February, 1928, and the 10th day of April, 1928, on which day defendant made other use of said premises, or a total loss of time of three and one-third months, in preparing to enter upon said premises and conduct therein and thereon a first-class garage business, and that the reasonable value of the time spent and lost by plaintiff in connection therewith is the sum of $1,000.00, and by reason thereof plaintiff sustained damages in a like amount, to-wit, the sum of $1,000.00; that plaintiff paid out, laid out and expended various sums of money in preparing to enter upon said premises and conduct and operate thereon a first class garage business; and in the same connection, with the consent of the defendant, placed upon said premises various articles of personal property, and in particular those mentioned in plaintiff's complaint in action No. 280376, and all of which articles mentioned in said complaint the defendant converted to its own use and benefit, the reasonable value of which at the time of said conversion was the sum of $1,000.00, and, by reason whereof plaintiff sustained further damages in a like amount, to-wit, the sum of $1,000.00.''

Because plaintiff in his complaint alleged, ''That in the making, execution and delivery of said agreement it was understood and agreed between the parties thereto and hereto that said Guardian Apartments would be officially completed and officially accepted from the builder thereof and open to receive tenants not later than the 1st day of December, 1927, and that it was further understood and agreed by said parties that thereupon but not later than said 10th day of December, 1927, plaintiff herein should

receive possession of said garage building and be permitted to conduct a general garage business therein,'' and also that the lease was ''for the period of ten years beginning on or about the 10th day of December, 1927'', appellant contends that there is no legal basis for the award of $1,000 for the loss of time of the plaintiff, and also that the findings indicate that there was a complete failure of proof of the allegations in regard to the beginning of the lease term. Commenting first on this latter contention, it seems to us that where by defendant's own reasoning as developed in its brief the time of beginning was somewhat indefinite, a finding that the premises should have passed to plaintiff under the lease on or about January 15, 1928, approximately one month after the time named by plaintiff as the correct date should not be set aside on the ground mentioned, failure of proof. ■ As to the contention that there is no legal basis for an award of damages for time lost in ineffectual preparations to enter upon a lease, we have in mind the rule referred to in *United States* v. *Behan,* 110 U. S. 338 [4 Sup. Ct. 81, 28 L. Ed. 168], holding that the party, who voluntarily and wrongfully puts an end to a contract, and prevents another from performing it is estopped from denying that the injured party has been damaged to the extent of his actual loss and his outlay fairly incurred. In the case of *Schnierow* v. *Boutagy,* 33 Cal. App. 336 [164 Pac. 1132], we find a situation where defendant agreed to lease to plaintiff a storeroom then in process of construction. For breach of this contract plaintiff recovered a money judgment for loss of his time in securing another storeroom. Since in the instant case the court found that there was a breach by the defendant of this contract in his failing to deliver the premises ''*at the time* and constructed in the manner agreed upon'', and further that defendant, by devoting the garage building to another use on or about April 10, 1928, made it impossible for the plaintiff to obtain possession, we feel that the court was fully warranted in law in fixing as damages the amount of money which under the evidence he found would fairly or reasonably compensate the plaintiff for his lost time.

■ Defendant complains that although there is a finding that demand for the premises was made by the plaintiff the finding is defective in not stating when the de-

mand was made. Quoting from his brief: "From aught that appears from the findings, where no time is given, the demand may have been made on the 10th day of April, 1928. Without a finding as to the time of the demand by plaintiff for possession of the premises, there can be no possible cause of action."

In view of a finding made by the court that plaintiff was ready, able and willing to accept the garage building on December 10, 1927, we are content to believe that from the evidence adduced at the trial the court drew its conclusion that demand for possession was made a sufficiently long time before April 10th for the three and one-third months upon which the award for lost time is made to elapse.

Appellant contends that various findings of the court are inconsistent or contradictory. "In paragraph 8 of the findings (Clk. Tr., p. 54) we have a definite finding of a rescission of the lease by the plaintiff, although no time is given as to this rescission. In the same findings of fact we have a directly opposite theory, to-wit: that on April 10th, 1928, the defendant refused to give the possession of the garage to the plaintiff, and devoted it to other uses. Now which theory of the findings is correct? In other words, we have an issue raised by the findings." To analyze this complaint we must quote paragraphs 8 and 9 of the findings:

"8. The court finds that the defendant also failed and refused and neglected to provide suitable and adequate illumination along said driveway for the purposes aforesaid, and also failed, refused and neglected to install and/or maintain gas and/or electric connections and meters for said garage separate and apart from said apartment house building by which gas and electric current would be furnished to said garage and a measurement thereof made apart from said apartment house; and that the court further finds on account of all the foregoing and the failures on the part of the defendant, as hereinbefore found, it became and was necessary for plaintiff to and he did refuse to accept possession of said premises for the reason he could not make use thereof by reason of the narrowness of said right of way from said Hollywood Boulevard to said garage building, and lack of proper illumination and lack of proper gas and electric connections and meters.

"9. The court finds that plaintiff demanded that defendant comply with its said agreement mentioned above and complete said improvements in accordance with the provisions of said agreement and deliver the possession of said garage to plaintiff, but that defendant not only failed and neglected to complete said improvements as agreed but it also failed and refused to deliver possession of said garage to plaintiff, and on the contrary on or about the 10th day of April, 1928, devoted it to other uses and purposes and not in the performance of said ten year lease, and therefore made it impossible for plaintiff to obtain possession thereof."

Somewhere in this paragraph 8 appellant sees "a definite finding of a rescission of the lease by the plaintiff", but we see none. The finding is rather that there was a refusal to accept possession for perfectly good reasons. If the driveway had been widened and lighting apparatus adjusted as demanded by plaintiff and as agreed upon, prior to April 10th, this plaintiff might have entered into possession immediately thereafter. Certainly no release of the defendant from liability under the lease or the agreement between the parties is implied by plaintiff's refusal to accept the premises unless or until they were put in the condition they were promised to him.

This appellant also argues that in paragraph 21 of the findings of fact there is a finding "that the plaintiff actually took possession of the premises with the consent of the defendant". If there is such a finding, of course it contradicts or is inconsistent with the other findings just above quoted, that plaintiff necessarily refused to accept possession and that defendant refused possession of the premises. Is there in paragraph 21 a finding that "plaintiff actually took possession with the consent of the defendant"? Not at all. The finding is merely that plaintiff placed upon the premises, with the consent of the defendant, certain articles of personal property which defendant converted to its own use to the damage of plaintiff in the sum of $1,000.

The appellant in answering the conversion suit made the following allegations: " . . . that the plaintiff did trespass upon the property of the defendant herein and place certain property therein against the defendant's wishes, and without his knowledge or request. That thereafter the defendant demanded of the plaintiff that he leave the prem-

ises, and that the defendant (plaintiff?) did so without removing the property left thereon. That the defendant did not seek or desire said property, and that the plaintiff has failed, neglected and refused to make demand for said property."

It is now contended that "if the plaintiff with the consent of the defendant, placed the personal property (of which the plaintiff has received an award of $1,000.00 damages) on the property, and in the possession of the defendant, with the consent of both parties, then the plaintiff could not maintain an action for damages for conversion of this property except and until the plaintiff has alleged, proven and there was found a DEMAND from plaintiff to defendant for the possession of the property alleged to have been converted". It may be that the evidence showed that the plaintiff's consent or action in placing the property in the garage was induced by fraud, and if so, a demand would not be required. Field, J., in the case of *Paige* v. *O'Neal,* 12 Cal. 483, 495, said: " . . . It is a general rule, that when the possession of property is originally acquired by a tort, no demand previous to the institution of suit for its recovery is necessary", a rule which was also followed in *Sargent* v. *Sturm,* 23 Cal. 359, a case in which the action was to recover the possession *or value* of the property. The complaint, in the case at bar, alleged that defendant "surreptitiously and tortiously and unlawfully sought and gained and took possession of all thereof (the personal property) from the plaintiff, against his will and without his consent and converted the same to its own use" and all of these allegations the court by finding No. 23 found to be true.

We have no record of the evidence before us, and in such a case "it will be presumed that the trial court found in accordance with the evidence that was before it". (*Turgeon* v. *Barney,* 70 Cal. App. 432, 435 [233 Pac. 394, 395].)

Objection is made to the allowance of the last two items mentioned in the judgment, $126.43 for watchman's wages, and $225.83 loss sustained in the purchase and subsequent sale of equipment for the garage. ■ There is a finding that the watchman was employed with the consent of the defendant "to properly guard and care for" the personal property and we are not prepared to say, under the circumstances of this case and in the absence of a record of the

evidence, that this award should be set aside on the theory of defendant that there is no finding that the services were necessary or that the amount paid therefor was reasonable.

As to the last item, $225.83, we advert once more to the rule adhered to in *United States* v. *Behan, supra,* and are convinced that the trial court considered, with the evidence before it, that this constituted fairly the measure of damages for expense incurred in regard to the garage equipment. We quote here from the decision in the case of *Burnham* v. *Abrahamson,* 21 Cal. App. 248, at p. 255 [131 Pac. 338, 342]: ''On an appeal from the judgment on the judgment-roll alone, every fact essential to the support of the court's findings and the judgment must be presumed to have been proved. Or, as the rule is stated in all the cases: 'All intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken; and only matters which might have been presented to the court below which would have authorized the judgment will be presumed to have been thus presented, if the record shows nothing to the contrary.' '' (Citing many cases.)

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 14, 1933.