[Civ. No. 3295.   Fourth Dist.   Jan. 11, 1945.]

CATHERINE MIKESELL, Respondent, v. LONGINIA GOMEZ, as Administratrix, etc., Appellant.

O. T. Cailor and N. D. Meyer for Appellant.

Wm. P. Webb for Respondent.

BARNARD, P. J.—This is an action to recover for services alleged to have been performed for the deceased, a claim therefor having been rejected by the administratrix of his estate.

It appears, without question, that the plaintiff kept house for the deceased from July, 1929, until he died on December 28, 1943. The complaint alleged that on July 1, 1929, these parties entered into an oral agreement whereby the plaintiff

agreed to act as housekeeper for the decedent and he agreed to transfer or cause to be transferred to her upon his death his home, which is described, together with his household furniture and belongings in addition to furnishing her certain board, lodging and incidentals. A second cause of action alleges the performance of housekeeping services continuously from July, 1929 to December, 1943, and that these services were reasonably worth $50 a month, or a total of $8,700. The defendant filed an answer denying the material allegations of the complaint and pleading the statute of frauds in that the agreement alleged was not to be performed during the lifetime of the promisor. No statute of limitation was pleaded. The defendant also filed a cross-complaint alleging that the deceased, at the time of his death, was the sole owner of the house and lot described in the complaint; that prior to his death the deceased and the plaintiff had occupied these premises under an agreement whereby the deceased furnished the plaintiff with food, clothing and shelter in consideration of her services as housekeeper; that this contractual relationship and the right of the plaintiff to occupy the property had terminated upon his death; and that after demand made the plaintiff had refused to surrender possession of the premises to the defendant as administratrix of his estate. The cross-complaint prayed for a judgment awarding the defendant, as administratrix, the possession of said premises.

The court found in favor of the plaintiff finding, among other things, that for fourteen years prior to December 28, 1943, the plaintiff at the request of the decedent had rendered him continuous service as a housekeeper; that all of said services were rendered with the understanding and agreement that the deceased would pay their reasonable value in excess of the reasonable value of the board, lodging and incidentals furnished; that the services were not terminated before the death of the deceased; that the reasonable value of these services is $4,720 in excess of the board, lodging and incidentals furnished; that of this amount the deceased had paid to the plaintiff the sum of $1,798.61; and that there is now due and owing to the plaintiff the sum of $2,921.39. A judgment was entered awarding that amount to the plaintiff and denying the defendant any relief on her cross-complaint. From this judgment the defendant has appealed.

It is first contended that the finding that $2,921.39

is due to the respondent is without evidentiary support because there is no evidence to prove, or from which it can be inferred, that the deceased intended or expected to compensate the respondent for her services at his death. It is appellant's contention that these parties lived together as husband and wife for at least fourteen years, although not legally married, and portions of the evidence are set forth in appellant's brief which tend to support that conclusion. On the other hand, the testimony of the respondent and several other witnesses is to a contrary effect. There is much evidence tending to show that at the beginning of the arrangement the deceased agreed to compensate the respondent for her services, in addition to the board and lodging furnished; that he paid her small amounts from time to time; that she consented at various times to a deferment of the payments due to her; that in 1935, the deceased acquired the house described in the complaint which was in a dilapidated condition; that he proposed to the respondent that if she would move with him to the house and continue to do the housework and help him fix up the place, and allow wages owing to her to go into the place, he would give it to her, with all of his belongings, at the time of his death in payment of what he owed her; that they moved into the house and the respondent not only did the housework but assisted in making improvements on the house; that three days before Gomez died he sent for a priest and informed the priest that he wanted him to marry them so that the respondent would be sure to get all of his property in payment of what he owed her; that the priest informed him he could not perform the marriage ceremony without a license; and that the decedent became worse the next day and died before anything was done. The essential facts are supported not only by the testimony of the respondent but by that of some half dozen other witnesses.

While the evidence is conflicting, there is ample evidence to justify the inference that it was the intention and expectation of the parties that the services rendered by the respondent were to be rewarded at their termination. (See *Long* v. *Rumsey*, 12 Cal.2d 334 [84 P.2d 146], and the cases there cited.) It follows that the findings complained of by the appellant are sufficiently supported by the evidence.

The only other point raised is that the appellant was entitled to a judgment for the possession of the house and lot in question, which was owned by the deceased and which is

still occupied by the respondent. The cross-complaint alleged that the respondent's right to occupy these premises terminated at the time of the death of the decedent and the court found that this was not true. This is obviously incorrect, although the supposed finding of fact is actually a conclusion of law. The respondent argues that the court's decision in this respect was correct because the appellant could not file a cross-complaint here because the matter of occupancy of the premises was not sufficiently related to the "transaction, matter, happening or accident upon which the action is brought, or affecting the property to which the action relates" within the meaning of section 442 of the Code of Civil Procedure. This contention cannot be sustained. In her complaint the respondent alleged an agreement with the deceased under which she was to have the house at his death. She also alleged another agreement under which she came in possession of the house. While she was forced to rely on *quantum meruit*, the entire matter was sufficiently related to justify the filing of a cross-complaint to recover the possession of the house when demand therefor had been refused. ■ As it developed at the trial, the respondent was entitled only to a money judgment covering compensation for the services she had rendered to the deceased. She had no interest in the house which belonged to the deceased and the denial of relief to the appellant, in connection with the possession of the premises, is without support either in the evidence or in the law. ■ The respondent further argues that the court correctly denied any relief under the cross-complaint for the reason that a proper notice terminating the respondent's tenancy had not been served as required by sections 789 and 790 of the Civil Code and by section 1388.286d1 of the Regulations under the Emergency Price Control Act of 1942. The respondent was not a tenant of the deceased, but, as found by the court, she was his employee and none of these sections are here applicable.

For the reasons given, the judgment in favor of the respondent for $2,921.39 is affirmed but otherwise the judgment is reversed with directions to enter judgment in favor of the appellant on her cross-complaint awarding her the possession of the property. Each party to pay her own costs.

Marks, J., and Griffin, J., concurred.