[Civ. No. 9022. Third Dist. May 8, 1957.]

JOHN J. LUTHER, as Administrator, etc., Appellant, v.
MARY B. FOSTER, Respondent.

Robert F. Appel for Appellant.

J. Ralph Arnold for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment in favor of defendant and cross-complainant on her cross-complaint to recover for services alleged to have been performed for the deceased, a claim therefor having been rejected by the administrator of his estate.

On March 4, 1952, appellant as administrator instituted an action against respondent, Mary B. Foster, to quiet title to certain real property and for the reasonable rental value of this property from the date of decedent's death and damages for depriving the estate of the use of certain personal property. Respondent was served with process the following day. On March 12, 1952, a demurrer was filed, and on April 10, 1952, appellant filed an amended complaint, and a copy thereof was served upon respondent's counsel. On May 1, 1952, a default was entered against the respondent. On October 17, 1952, the court granted respondent's motion to set aside the default and to permit her to file an answer and cross-complaint. Respondent's notice of motion was served on appellant's counsel on August 29, 1952, and was filed on September 5, 1952. Filed in support of said motion were respondent's proposed verified answer and cross-complaint and an affidavit by her counsel based upon surprise.

Appellant contends first that the court abused its discretion in granting respondent's motion to set aside her default. Appellant urges that no ground exists for relief, for the reason that respondent failed to show surprise to excuse the default and failed to show due diligence after discovery of the fact. ▪ The order vacating respondent's default recites that evidence was introduced. What evidence was received is not shown in the record on appeal, and so it must be presumed that the evidence supported the order made. (*Derrer* v. *Keeler Gold Mines, Inc.*, 63 Cal.App.2d 606 [147 P.2d 102] ; *Douglass* v. *Guardian Holding Corp.*, 132 Cal.App. 585 [23 P.2d 80].)

The proposed answer denied all the material allegations of the amended complaint. Respondent's attorney filed an affidavit in support of the motion. However, appellant filed no counteraffidavit. The record does not disclose that he made any showing that he would suffer any prejudice or that an injustice would result, although respondent's motion for relief was filed about four months after entry of the default. ▪ A default inadvertently permitted by a party having a substantial defense presents a case in which great latitude

*Assigned by Chairman of Judicial Council.

should be extended to the discretion of the court by which the default was set aside. (*Harbaugh* v. *Honey Lake Valley Land & Water Co.,* 109 Cal. 70 [41 P. 792].) "And where a party in default makes seasonable application to be relieved therefrom and files an affidavit of merits alleging a good defense, and plaintiff files no counteraffidavit and makes no showing that he has suffered any prejudice or that any injustice will result from a trial on the merits, slight evidence is required to justify setting aside the default." (29 Cal.Jur. 2d p. 99, § 152; *Berri* v. *Rogero,* 168 Cal. 736 [145 P. 95].)

"The power vested in the trial courts by section 473 of the Code of Civil Procedure should be freely and liberally exercised to the end that they may order their proceedings so as to dispose of cases on their substantial merits, . . . . In view of the policy of the law to have every litigated case tried on its merits, courts look with disfavor on a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary." (29 Cal.Jur.2d 97, § 152, and cases cited therein.) Appellant has not shown that the trial court, by vacating and setting aside respondent's default and granting her leave to file her answer and cross-complaint, abused its discretion.

The cross-complaint alleged that on April 26, 1946, respondent and decedent entered into an oral agreement whereby respondent agreed to act as a housekeeper for the decedent, assist him in the operation of his ranch and look after his comfort and general welfare as long as he lived, and he agreed upon his death to leave a will giving her all of his real and personal property. The second cause of action alleged that at the time of his death, decedent was indebted to respondent for services performed for decedent at his request reasonably worth $12,500, less the reasonable value of board and room in the sum of $6,000, and that a claim therefor had been presented by her on March 14, 1952, and rejected by the appellant administrator on March 27, 1952. Appellant demurred to the second count on the ground that it failed to state facts sufficient to constitute a defense or counter-claim since said cross-complaint showed on its face that respondent failed to bring action on her rejected claim against the decedent's estate within three months after notice of its rejection, as provided by section 714 of the Probate Code, the answer and cross-complaint having been filed more than six months after the rejection of said claim. Appellant

contends that his demurrer was improperly overruled. He relies upon *Western Pipe & Steel Co. of California* v. *Tuolumne Gold Dredging Corp.*, 63 Cal.App.2d 21 [146 P.2d 61], in support of his claim that the time to sue in *quantum meruit* for the reasonable value of services was not stayed by the filing of the original complaint, since respondent's claim was unrelated to his cause of action.

The contention cannot be sustained for the reason that the filing of the complaint in this action suspended the running of the statute of limitations as to matters arising out of the transaction pleaded. (*McDougald* v. *Hulet*, 132 Cal. 154, 160-161 [64 P. 278]; *Jones* v. *Mortimer*, 28 Cal.2d 627, 633 [170 P.2d 893].) In her cross-complaint, respondent alleged an agreement with deceased, under which, for the services she performed, he was to will her the property which is the subject matter of appellant's quiet title action. Although respondent was forced to rely on *quantum meruit* (because the alleged oral contract to compensate respondent by leaving her the entire estate upon his death is unenforceable—Civ. Code, § 1624, Code Civ. Proc., § 1973), the matter, nevertheless, was sufficiently related to the transaction or matter upon which the action was brought, to justify the filing of the cross-complaint. (Code Civ. Proc., § 442; *Mikesell* v. *Gomez*, 67 Cal.App.2d 507 [154 P.2d 927].)

Appellant next contends that the judgment is not supported by the evidence, in that respondent failed to prove the elements necessary to make out her claim of *quantum meruit*. There is no merit in this contention.

In April of 1946, decedent went to Medford, Oregon, where respondent had been employed, and took her to his home in Crescent City, California. She kept house for decedent until his death on August 21, 1951. She performed household tasks, including cooking, cleaning, laundry, mending, working in the garden and assisted deceased in the construction of a new house. Respondent testified that she expected to be paid for her services and had received no compensation therefor. She said she and decedent were to be married, and that she expected to receive decedent's property upon his death. One Evelyn Patterson, a witness for respondent, testified that decedent told her that he and respondent were going to be married, and in her presence said that he was going to fix it so that respondent would have everything that he had. Appellant points to no evidence in the record that respondent performed the services for decedent in con-

sideration of marriage, or that they were actually intended to be gratuitous. This is ample evidence to warrant the inference that it was the intention and expectation of the parties that respondent should be compensated for the services she rendered, notwithstanding the fact that there was other evidence which in some respects was contradictory. (*Mikesell* v. *Gomez, supra.*)

Appellant next contends that the court erred in allowing interest prior to judgment in this *quantum meruit* action. While the general rule in a *quantum meruit* action is that interest is not allowable until the date of judgment, it is not the rule when the action is one to establish a claim against an estate. The claim, when established, will bear interest from the date of its presentation since the judgment relates back and takes effect as of that date. "[I]f the claim did not bear interest until the date of the judgment, it would place the claimant who was compelled to sue at a disadvantage with one whose claim is allowed by the executor, for in the latter case there is no doubt that interest is allowable from the time the claim is approved." (*White* v. *Deering*, 38 Cal.App. 516, 519 [179 P. 401].)

Lastly, appellant contends that the court erred in sustaining an objection to a question as to jobs held by respondent after decedent's death. There is no merit whatsoever in this contention.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.