[Sac. No. 866.   Department Two. — March 11, 1901.]

CARRIE B. McDOUGALD, Administratrix, Respondent, v. H. C. HULET et al., Defendants.   LOUISE E. BOGGS, Executrix, Appellant.

LEASE — GUARANTY OF·RENT — JOINT AND SEVERAL CONTRACT — ACTION BY SURETY — COUNTERCLAIM BY LESSOR — RIGHT OF LESSOR TO JUDGMENT. — In an action by a surety, who had signed a joint and several guaranty of rent payable under a lease, to have it decreed what amount was due and unpaid to the lessor, and that the other surety, and a corporation of which he was president, were principal debtors, and that they be compelled to pay the unpaid rent, and save plaintiff harmless therefrom, the lessor may set up in his answer, by way of counterclaim or cross-complaint, the contract of guaranty and the amount due thereunder, and seek judgment therefor against the plaintiff; and it was error for the court, after trial of the issues, without objection to the counterclaim, and finding the amount due to the lessor, to refuse to render judgment against plaintiff upon the ground that it was not the proper subject of counterclaim.

ID. — ESTOPPEL OF PLAINTIFF — BAR OF STATUTE. — Plaintiff, by bringing the lessor into court, and asking it to find the amount of rent due to him, and by allowing the court to pass upon the issues raised by the answer as though properly made, is estopped from claiming that the matter pleaded in the answer was not the subject of a counterclaim. He will not be allowed to lull his adversary into repose until his claim is barred by statute in an independent action, and then raise a point which is destructive of the claim.

ID. — CHARACTER AND SUFFICIENCY OF PLEADING — NAME IMMATERIAL. — The character and sufficiency of a pleading is not determined by its name, but from the facts alleged in it.

Id. — Waiver of Objection to Pleading — Appeal. — Where no objection was raised to the sufficiency of the defendants' pleading in the court below, and the action was tried upon the theory that the pleading was sufficient, objection to its sufficiency cannot be raised for the first time upon appeal.

Id. — Action in Equity — Jurisdiction to Decide Whole Case. — Where plaintiff brought the suit, asking relief in equity, the court, having obtained jurisdiction in equity, will decide the whole case, and will not permit litigation by piecemeal.

Id. — Statute of Limitations as to Cross-complaint — Pleading — Record — Findings — Erroneous Conclusions. — Where, independently of what was named the cross-complaint, the facts pleaded therein were fully set forth in other parts of the answer, and the record upon appeal does not show when the action was commenced nor when the first answer was filed, and where other findings of fact show that the cause of action set forth in the cross-complaint was not barred by the statute of limitations, a finding or a conclusion that it was so barred cannot be sustained.

Id. — Suspension of Statute — Filing of Complaint — Matters Arising from Transaction Pleaded. — The filing of the complaint suspended the statute of limitations as to the matters arising out of the transaction pleaded; and where such matter is set forth in the answer, whether called an answer, counterclaim, or cross-complaint, and arose upon contract, and existed at the commencement of the action, the statute of limitations cannot run thereupon after the commencement of the action.

Id. — Prior Action Pending — Dismissal before Trial. — Where a prior action, brought by the defendant against the plaintiff upon the same contract, was pending when the answer and cross-complaint were filed, if it appears that such action was dismissed before the trial, the plea of "action pending" was thereby disposed of.

Id. — Amendment of Answer during Trial — Abuse of Discretion. — The refusal of the court to allow an amendment of the answer during the trial so as to include a joint and several note, executed by the guarantors for rent, and shown by uncontradicted affidavit of the defendant to have been executed for rent due and unpaid under the lease and guaranty set forth in the complaint, and to have been inadvertently omitted from the previous answer, was an abuse of discretion.

Id. — Trial — Amendments of Pleadings Liberally Allowed. — In all proper cases, amendments to the pleadings should be liberally allowed during the trial, in furtherance of justice, so as to dispose of the case upon its substantial merits, and to dispose of all matters connected with the case in the one action.

Id. — Cure of Error — Evidence and Finding — Issues — Objection not Urged. — The error committed by the court in refusing the amendment to the answer was cured by receiving evidence and making a finding upon the very matter to which the amendment was directed. It cannot be contended that such finding was not

within the issues, where it does not appear that any objection was made to the evidence, at the trial, in support of the finding.

ID. — FINDINGS BINDING UPON PLAINTIFF — PRESUMPTION UPON APPEAL. — Where the plaintiff did not appear or move for a new trial, the findings are binding upon him; and upon appeal by defendant from the judgment, without objection to the findings, it must be presumed that evidence in support of the findings was received without objection, and that it sustains the findings.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Edward I. Jones, Judge.

The facts are stated in the opinion of the court and in *McDougald* v. *Argonaut Land etc. Co.*, 117 Cal. 87.

James A. Louttit, and Louttit & Middlecoff, for Appellant.

J. G. Swinnerton, and Budd & Thompson, for Plaintiff Respondent.

Dudley & Buck, for Argonaut Land and Development Company and William F. Foss, Respondents.

George D. Dudley, for H. C. Hulet and N. K. Spect, Respondents.

COOPER, C.—This appeal is from the judgment.   The findings are not attacked, and the only question that need be decided is as to whether or not appellant is entitled to judgment for the amount found to be due from the plaintiff.   The case has been here before (*McDougald* v. *Argonaut Land etc. Co.*, 117 Cal. 87), and the facts are there very clearly and fully stated.   In this opinion, in speaking of plaintiff, reference is made to plaintiff's intestate; and in speaking of Boggs, reference is made to John Boggs, deceased, of whose will appellant is executrix.   The Argonaut Land and Development Company, a corporation, on the first day of May 1890, owned a certain tract of land in San Joaquin County, near Stockton, which it desired to sell for one hundred and forty thousand dollars.   Boggs was, at said time, the owner of twelve thousand acres of land in Colusa County.   An agreement was made between said corporation and said Boggs, whereby the corporation conveyed to Boggs its land near Stockton, and Boggs conveyed to the corporation his land in Colusa County, and also paid the corporation forty-four thousand dollars addi-

tional, in payment for the lands so conveyed by the corpora-
tion. It was a condition of the sale and exchange that the
corporation should furnish to Boggs a tenant for the lands
conveyed to him, who would rent the said lands for five years
at an annual rental of twelve thousand dollars, the rent to be
guaranteed to Boggs by suitable guarantors. The tenant was
furnished, and plaintiff and defendant Hulet, who was the
president of the corporation, signed a written guaranty for the
payment of the rent by the tenant, which guaranty was ac-
cepted by Boggs, and the tenant entered into possession in
pursuance of the contract and guaranty. The tenant became
indebted to Boggs in a large amount for rent, which has never
been paid. This action was brought by plaintiff against Boggs,
Hulet, the corporation, and its directors, — Fairbrother, Spect,
Wilhoit, Hulet, and Foss, — for the purpose of having it ad-
judged and decreed as to the amount due and unpaid to Boggs
under the lease, and that the corporation, and Fairbrother,
Spect, Wilhoit, Hulet, and Foss, are the principals, and bound
to defendant Boggs for the amount so found to be due him,
and that plaintiff is only surety for said amount. It was
further sought to have judgment that the defendants, other
than Boggs, pay to defendant Boggs the amount of unpaid
rent so found to be due him, and that plaintiff should be en-
titled to receive and recover from the defendants, other than
Boggs, all sums of money he might pay and all losses he
might sustain by reason of his contract of guaranty, and that
he be held harmless from all claims, demands, or losses that
might arise by reason of said guaranty.

After the cause was remanded to the court below, the action
was dismissed by plaintiff as to the corporation and all the
other defendants, except Boggs and Hulet. The action, after
such dismissal, was against plaintiff's co-guarantor alone, so
far as any relief was claimed.

The court, after filing findings, ordered judgment that
plaintiff take nothing, and that Boggs take nothing, thus deny-
ing to plaintiff any relief as to the matters alleged in the com-
plaint and found by the court, and denying Boggs any judg-
ment on the facts found.

The plaintiff has not appealed. Appellant, as administra-
trix, has appealed from the judgment on the judgment roll.
It will therefore be necessary to consider only the question as
to appellant's rights upon the findings. The action was evi-

dently brought under section 1050 of the Code of Civil Procedure, which provides that an action may be brought by one person "against two or more persons for the purpose of compelling one to satisfy a debt due to the other, for which plaintiff is bound as a surety."

The plaintiff in this case did not deny his liability to Boggs upon the written guaranty, but he sought to have it adjudged that defendant Hulet was the principal, and that he be directed, as such principal, to pay defendant Boggs. The prayer of the complaint asked to have it determined as to the whole amount due at the time of the commencement of the action, or that might, pending the action, become due and unpaid by virtue of the contract of guaranty which plaintiff had signed, and that the court adjudge that defendants, other than Boggs, pay to Boggs the amount so found due and unpaid on the said guaranty. The prayer of the complaint further asks that it be decreed that plaintiff is surety only upon the guaranty, and that plaintiff recover of defendants all "sums of money he may pay, and compensation for all losses he may sustain, by reason of said contract of guaranty." The prayer also asks for general relief. The contract of guaranty concerning which the suit was brought is as follows: —

"In consideration of the execution of the foregoing lease by the lessor, John Boggs, the undersigned jointly and severally undertake and promise to and with said John Boggs that they will, and they do hereby, guarantee the payment of the rent therein reserved on the part of the said lessee to be paid, and the performance of the covenants and conditions therein contained of the said lessee to be kept and performed, and covenant and agree, in case of default on the part of the said lessee, they will pay said rent, and keep and perform said conditions and covenants; and they hereby respectively waive any notice of such default until the same shall have continued for sixty days.

"In witness whereof, they have hereunto set their hands and seals this twentieth day of May, 1890.

"(Signed)  "J. D. McDougald.
"H. C. Hulet."

The plaintiff having thus put in issue the question as to the amount due Boggs upon the guaranty, and asked for a judgment as to who should pay it, the defendant Boggs in his

answer set forth the facts in full concerning the transaction by what is separately denominated a cross-complaint, and also by what is separately denominated a counterclaim. He set forth the contract of guaranty, the amount of rent that had become due to him under it, and the payments thereon, and asked for a judgment against plaintiff, upon the guaranty, for the amount that might be found due him. No demurrer appears to have been interposed to the answer, or to the cross-complaint or counterclaim. The answer set forth the same guaranty, arising out of the same transaction, as that set forth in the complaint. The complaint sought to have a decree as to the amount of rent due Boggs, and Boggs by his answer sought the same thing. We must presume, upon this appeal, that the issues were all considered upon the trial as properly pleaded, and that evidence was offered and such issues litigated by the parties.

The court found directly upon the issue as to the amount due Boggs, and we must presume such finding was based upon evidence, as the finding is not questioned. The finding is as follows:—

"That there is now due, owing, and unpaid to the successors of defendant Boggs, from William D. McLaren, for rent of said property mentioned, the following sums, to wit:—

"$2,827, with interest thereon at the rate of eight per cent per annum from the first day of March, 1892;

"$6,000, with interest thereon at the rate of eight per cent per annum from the first day of September, 1892;

"And $6,000, with interest thereon from the first day of March, 1893, at the rate of eight per cent per annum."

Although the complaint set forth the transactions, and asked to have the court find the amount due Boggs, and the defendant Boggs alleged the amount due under the guaranty which was the subject of the complaint, and the issue as to the amount due was litigated and found by the court, yet the court declined to render any judgment for appellant, for the alleged reason that the amount due was not the subject of a counterclaim. In this we think the court erred. It took a view of the matter which was entirely too narrow. Both parties were before the court, and both asking to have the court find the amount due Boggs. Boggs had been made a party, and brought into court at the request of plaintiff. He asked, in his answer, for the amount due him by the terms of

plaintiff's guaranty, which was joint and several. Plaintiff could not have prevented the recovery by Boggs in an independent suit. Why should he in this? We do not think it necessary to go into any nice distinctions as to the name given to the answer. Plaintiff, by bringing the defendant Boggs into court, and asking the court to find the amount due, and by allowing the court to pass upon the issue as though properly made, is estopped from now claiming that the matter was not the subject of a counterclaim. He will not be allowed to thus lull his adversary into repose until his claim is barred by the statute, and then raise a point which is lethal.

It is not what a pleading is called, but the facts which it sets up, that determines its character. Its character and sufficiency will be determined by the court from the facts alleged in it. (*Holmes* v. *Richet*, 56 Cal. 307;[1] *Gregory* v. *Bovier*, 77 Cal. 121; *Meeker* v. *Dalton*, 75 Cal. 154.)

Particularly is this so here, after the case has been tried in the lower court, and no objection made to the pleadings. The party, having tried the case in the court below upon the theory that the pleadings are sufficient, cannot for the first time raise the question here. The plaintiff brought the suit, asking relief in the court as a court of equity. In such case, where the court has once obtained jurisdiction, it will decide the whole case, and will not permit litigation by piecemeal. (*Whitehead* v. *Sweet*, 126 Cal. 76; *Watson* v. *Sutro*, 86 Cal. 500, 529.)

The court found that appellant, as executrix of the last will and testament of John Boggs, deceased, within proper time duly presented the claim for said amount so found due to the plaintiff, as administratrix of the estate of J. D. McDougald, deceased, and that it was rejected. It is said that the court found that the cause of action set forth in the cross-complaint was barred by section 337 of the Code of Civil Procedure. The court did so find as a conclusion, but the other findings show that it was not barred. The facts were fully set up in other parts of the answer, independent of what was named the cross-complaint. The record here does not inform us when the action was commenced, nor when the first answer was filed. The amended complaint was filed January 9, 1895, and the amended answer, January 18, 1898.

The filing of the complaint suspended the running of the

[1] 38 Am. Rep. 54.

statute of limitations as to the matters arising out of the transaction set forth therein. (Code Civ. Proc., sec. 438; *Perkins* v. *West Coast Lumber Co.*, 120 Cal. 27.) The matter set forth in the answer, whether it is called an answer, or a counterclaim, or a cross-complaint, arose upon contract, and existed at the commencement of the action. It is claimed that the findings show that an independent action was commenced by John Boggs on the fourteenth day of April, 1896, and was pending when the answer and cross-complaint were filed. It is so found, but it is also found that the said last-named action was dismissed May 23, 1899. This was before the trial, and hence the plea of "action pending" was disposed of.

During the trial, the defendant Boggs asked permission of the court to file a second amended answer. This answer contained a copy of a joint and several promissory note, dated November 4, 1891, for $4,781.34, due one day after date, with interest from date at the rate of eight per cent per annum, executed by the plaintiff as one of the makers to Boggs. It alleged that Boggs was still the owner and holder thereof, and that it had not been paid, nor any part thereof. The offer to file the amended answer was accompanied by the uncontradicted affidavit of Boggs, which showed that the note was made and executed for rent due and unpaid under the lease and guaranty as part of the transaction set forth in the complaint. The affidavit further set forth that Boggs did not know till the time of the trial that the note could be litigated in the present action, and had not informed his counsel concerning it at the time the first amended answer was filed. The court refused to permit the defendant Boggs to amend his answer in the respects named, and in this the court abused its discretion. The facts, if true, were of vital importance to Boggs. The case had not terminated. If the plaintiff had been surprised by the offered amendment, the court could, and should, have granted a continuance upon just terms, so as to fully protect the rights of plaintiff. It seems to be the opinion of many trial judges that amendments should seldom be allowed pending the trial. Why not in all proper cases? The object of the trial is to settle and dispose of the issues, and all matters connected with the case, in the one action. If the facts in this case set up in the second amended answer were true, then Boggs was entitled to relief. If they were not true, every opportunity should have

been given plaintiff to so convince the court. The rule has been often stated here, that during the trial, the court, in furtherance of justice, should allow amendments liberally, in order to mold and direct its proceedings, so as to dispose of cases upon their substantial merits and without unreasonable delay, regarding mere technicalities as obstacles to be avoided, rather than as principles to which effect is to be given in derogation of substantial right. (*Roland* v. *Kreyenhagen*, 18 Cal. 455; *Burns* v. *Scooffy*, 98 Cal. 271.)

Although in this case the court erred in refusing to allow the amendment, the error was cured by the court receiving evidence and finding upon the very matter to which the amendment was directed.

The court found, —

"On the 4th day of November, 1891, plaintiff, J. G. McDougald, defendant H. C. Hulet and one W. D. McLaren, made their promissory note in the words and figures following, to wit: —

"'$4,748.34.                    Stockton, Nov. 4, 1891.

"'One day after date, without grace, we or either of us promise to pay to the order of John Boggs four thousand seven hundred and forty-eight and thirty-four one-hundredths dollars for value received, with interest from date at the rate of 8 per cent per annum until paid. Principal and interest payable in U. S. gold coin at ——, and in case suit is instituted to collect this note or any portion thereof, we promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit.          "'W. D. McLaren.
                                "'J. D. McDougald.
                                "'H. C. Hulet.'

"And then and there delivered said note to defendant John Boggs, who is still the owner and holder thereof.

"That no part of the principal sum mentioned in said note has been paid, and no part of the interest due thereon has been paid, and the whole of said principal sum of $4,748.34, with interest thereon at the rate of 8 per cent per annum from November 4, 1891, is now due, owing, and unpaid from said plaintiff, J. D. McDougald, to this defendant John Boggs.

"That defendant Boggs has employed attorneys to collect the amount due upon said note, and the sum of $500 is a reasonable attorney's fee for such service."

The plaintiff has not appealed, nor moved for a new trial. The findings are therefore binding upon the plaintiff. (*Gay* v. *Moss*, 34 Cal. 126.) The complaint asked to have the court find the amount due to Boggs. The amended answer on file alleged that default was made in the payment of all the rent which became due under the lease. But, conceding that the pleadings were not sufficient to justify the admission of evidence of the promissory note, it does not appear that any objection was made to such evidence. We must presume that the evidence was received without objection and that it sustains the findings. It cannot be contended that a finding is not within the issues, if no objection was made to the evidence in support of the finding at the trial. (*Horton* v. *Dominguez*, 68 Cal. 642; *Moore* v. *Campbell*, 72 Cal. 253.)

. The judgment should be reversed and the court below directed to order judgment upon the findings in favor of appellant, and against respondent as administratrix, for $4,748.34, with interest from November 4, 1891; $2,827, with interest from March 1, 1892; $6,000, with interest from September 1, 1892; $6,000, with interest from March 1, 1893; said interest to be computed at the rate of 8 per cent per annum to October 18, 1899, the date of filing the findings, and judgment to be entered as of that date for the amount so computed to be due, and for the sum of $500 attorney's fees.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the court below directed to order judgment upon the findings in favor of appellant, and against respondent as administratrix, for $4,748.34, with interest from November 4, 1891; $2,827, with interest from March 1, 1892; $6,000, with interest from September 1, 1892; $6,000, with interest from March 1, 1893; said interest to be computed at the rate of 8 per cent per annum to October 18, 1899, the date of filing the findings, and judgment to be entered as of that date for the amount so computed to be due, and for the sum of $500 attorney's fees.          McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.