[Civ. No. 31668. First Dist., Div. One. Jan. 8, 1973.]

FERNANDO TRINDADE, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
BRUCE JACOLICK, Real Party in Interest.

**COUNSEL**

Carroll, Burdick & McDonough and John K. Stewart for Petitioner.

No appearance for Respondent.

Bennett, Van De Poel, Campbell & Ginder and G. Malcom Leiser for Real Party in Interest.

**OPINION**

**ELKINGTON, J.**—Two automobiles collided *December 21, 1969,* causing injuries to their respective drivers Fernando Trindade, here the petitioner, and Bruce Jacolick, here the real party in interest. Jacolick timely commenced a damage action for personal injuries alleged to have been proximately caused by Trindade's negligence. Thereafter, and on or about *April 28, 1972,* upon leave of court following a contested motion therefor, Trindade filed an additional pleading captioned "Cross-Complaint," seeking damages against Jacolick for personal injuries alleged to have been proximately caused by the latter's negligence in the accident.

It will be seen that the cross-complaint was filed more than *two years* after the cause of action on which it was based arose. The statute of limitations on an action for injuries "caused by the wrongful act or neglect of another" is *one year.* (Code Civ. Proc., § 340, subd. 3.)

Jacolick's general demurrer to the cross-complaint was sustained by the superior court without leave to amend, on the ground that the cause of action therein stated was barred by the one-year statute of limitations.

We issued our alternative writ of mandate for the purpose of inquiring into the legality of the trial court's ruling.

On this proceeding we are not concerned with the discretion exercised by the superior court in permitting the delayed filing of Trindade's cross-complaint. ■ It is a basic rule that mandamus will not lie to control a court's discretion. (*Babb* v. *Superior Court,* 3 Cal.3d 841, 851 [92 Cal. Rptr. 179, 479 P.2d 379]; 5 Witkin, Cal. Procedure (2d ed. 1971) p. 3856.) We consider instead the question whether the court, in sustaining Jacolick's demurrer without leave to amend, "has made a ruling which deprives a party of the opportunity to plead his cause of action or defense"; in such a case relief by mandamus is appropriate. (*Holtz* v. *Superior Court,* 3 Cal. 3d 296, 301, fn. 4 [90 Cal.Rptr. 345, 475 P.2d 441]; *Tate* v. *Superior Court,* 213 Cal.App.2d 238, 251 [28 Cal.Rptr. 548].)

It seems proper, preliminarily, in order to place the issue before us in proper focus to emphasize certain considerations.

The cause of action of Trindade's cross-complaint was not barred by the statute of limitations at the time Jacolick filed his complaint. Had it been, it is settled that Trindade's barred rights could not have been regained by cross-complaint or other pleading. (See *Jones* v. *Mortimer,* 28 Cal.2d 627, 632 [170 P.2d 893]; *Union Sugar Co.* v. *Hollister Estate Co.,* 3 Cal. 2d 740, 746 [47 P.2d 273]; *Whittier* v. *Visscher,* 189 Cal. 450, 456 [209 P. 23].)

And we point out that the cross-complaint was directed only at the plaintiff Jacolick. It did not seek relief against any codefendant or against any new party sought by it to be brought into the action. ■ As to cross-actions against such codefendants or new parties it has regularly been held that the statute of limitations is not tolled by the commencement of the plaintiff's action. (See *Spaulding* v. *Howard,* 121 Cal. 194, 197-198 [53 P. 563]; *Jeffers* v. *Cook,* 58 Cal. 147, 150; *Warren* v. *Atchison, T. & S. F. Ry. Co.,* 19 Cal.App.3d 24 [96 Cal.Rptr. 317]; *Taliaferro* v. *Riddle,* 167 Cal.App.2d 567, 569-570 [334 P.2d 950]; *Western etc. Co.* v. *Tuolumne etc. Corp.,* 63 Cal.App.2d 21, 30-32 [146 P.2d 61]; *Jackson* v. *Lacey,* 37 Cal.App.2d 551, 558 [100 P.2d 313]; *John Bollman Co.* v. *S. Bachman & Co.,* 16 Cal.App. 589, 593 [117 P. 690, 122 P. 835].) The rationale of this distinction was discussed in *Western etc. Co.* v. *Tuolumne etc. Corp., supra,* at page 31, as follows: "The principle underlying the rule that a statute of limitations is suspended by the filing of the

original complaint is that the plaintiff has thereby waived the claim and permitted the defendant to make all proper defenses to the cause of action pleaded. But, where the controversy is limited to cross-defendants, none of whom has done any act in the nature of a waiver the reason for the rule does not exist."

It has consistently been held that the commencement of an action tolls the statute of limitations as to a defendant's then unbarred cause of action against the plaintiff, "relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought, . . ." (See Code Civ. Proc., § 442.)

In *Schirmer* v. *Lyback,* 193 Cal.App.2d 807 [14 Cal.Rptr. 700], an answer and cross-complaint were filed by the defendant in a wrongful death action. The action had been filed within the period of the appropriate statute of limitations, but the cross-complaint had not. Answering the plaintiff's contention that the statute had run against the cross-complaint, the court held (p. 814): "[T]hat the filing of the original action tolled the running of the statute of limitations as to appellant's cross-complaint arising out of the same transaction provided the statute of limitations had not run when the original action was filed." In *Whittier* v. *Visscher, supra,* 189 Cal. 450, the court reached a similar conclusion on a contention that a cross-complaint was barred by the statute of limitations. It stated (p. 456): "[T]he authorities in this state seem to be agreed that if the right of action relied on [in the cross-complaint] was alive at the commencement of the suit the statute does not run against it, when, as in this case, the full statutory period has expired thereafter during the pendency of the action and before the claim is pleaded as a cross-complaint." Mr. Witkin, reviewing relevant authority, has said: "The statute is a bar to the defendant's affirmative claim only if the period has already run when *the complaint is filed.* The filing of the complaint suspends the statute during the pendency of the action, and the defendant may set up his [cross] claim by appropriate pleading at any time." (2 Witkin, Cal. Procedure (2d ed. 1970) p. 1095.) To the same effect see *Holtzendorff* v. *Housing Authority,* 250 Cal.App.2d 596, 636 [58 Cal.Rptr. 886] [cert. den. 389 U.S. 1038 (19 L.Ed.2d 287, 88 S.Ct. 775)].

■ The foregoing authority impels us to conclude that the superior court erred in sustaining Jacolick's general demurrer to Trindade's cross-complaint.

We recognize that there appears to be some apparent, but not true, conflict with the rule as it applies to cross-complaints. *Western etc. Co.* v. *Tuolumne etc. Corp., supra,* 63 Cal.App.2d 21, 31-32, without recital

of authority, states: "The procedure for the filing of a cross-complaint is found in section 442 of the same code, and there is nothing contained therein which tends to suspend any statute of limitations, or other time limit, within which the cause of action pleaded in the cross-complaint may be sued upon." But an examination of that case discloses that the cross-complaint was not directed against the plaintiff, but instead by one defendant against another. *Jones* v. *Russ David Ford,* 247 Cal.App.2d 725, 729 [56 Cal.Rptr. 18], also concerned a cross-complaint by one defendant against another. And the language of *Bank of America* v. *Vannini,* 140 Cal.App.2d 120, 127 [295 P.2d 102], and similar language of the cases there relied upon, that the statute of limitations will "run against a cross-complaint seeking damages for such fraud by way of affirmative relief," refer to cases where the statute of limitations on the cross-action had run *before* the subject action itself was commenced.

It has become unnecessary to consider Trindade's alternative argument that, treating his cross-pleading as a *counterclaim,* the cause of action therein stated was not, under *Jones* v. *Mortimer, supra,* 28 Cal.2d 627, 633, barred by the statute of limitations.

Parenthetically, we note that Code of Civil Procedure sections 437 and 438 relating to "counterclaims," and section 442 concerning "cross-complaints" have been repealed, operative July 1, 1972. Section 442 in different form has been reenacted as sections 428.10-428.80. The changes are not applicable to this action as they do not apply to actions pending on July 1, 1972. (Stats. 1971, ch. 244, pp. 387, 389-392, 394.)

Let the peremptory writ issue commanding the superior court to overrule the general demurrer of Bruce Jacolick to the cross-complaint of defendant, Fernando Trindade.

Molinari, P. J., and Weinberger, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.