130 N.J. Super. 381 (1974)
327 A.2d 256
THERESA GIAMBUTTISTA, AND THOMAS GIAMBUTTISTA, HER HUSBAND, PLAINTIFFS,
v.
BRADLEES INCORPORATED, AND CHRISTINA BRYANT, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 3, 1974.
*382 Mr. Robert J. Sussman for plaintiffs.
Mr. Arnold E. Brown for defendants.
DWYER, J.S.C.
On February 9, 1973 Theresa Giambuttista (plaintiff) filed a Complaint against Bradlees Incorporated ("shopkeeper") and Christina Bryant ("employee"), an employee of shopkeeper charging employee and shopkeeper, through employee, with assault and battery, and in a separate count charging employee with maliciously and intentionally committing an assault and battery. The alleged date of commission was April 19, 1972. Answers on behalf of shopkeeper and employee were filed by an attorney, obtained by shopkeeper, on April 30, 1973 and May 18, 1973. The answer contained a denial and then set forth separate defenses of self-defense and provocation, among others.
On July 28, 1974 a separate attorney for employee filed a notice of motion for permission to file a counterclaim on behalf of employee against plaintiff to recover for injuries employee allegedly suffered. Said notice was addressed to all the attorneys of record, including the defense attorney. In an affidavit attached to the notice of motion the employee states:
I desire to press a claim against the Plaintiff * * * for damages resulting from injuries sustained from the assault and battery committed upon me by the Plaintiff * * * * I believed that such a claim *383 was being handled by [attorney of employer who filed answer for employee] but I have now been advised to secure my own personal attorney.
Plaintiff opposes the motion on the ground that the claim is barred by the two-year statute of limitations for personal injury, N.J.S.A. 2A:14-2; i.e., the statute barred the claim on April 19, 1974, three months before the motion was filed. Failure of plaintiff to oppose might be construed as a waiver. See Consolidated Motor Lines v. M & M Transport Co., 128 Conn. 107, 20 A.2d 621 (Sup. Ct. Err. 1941).
Employee contends that the motion should be granted on the ground that where a counterclaim would not have been barred on the date the complaint was filed, a counterclaim is not considered untimely, even though it is filed in the action at a time when, if it were filed in an independent action, it would be barred by the statute of limitations, citing Atlantic City Hospital v. Finkle, 110 N.J. Super. 435, 440 (Cty. Ct. 1970).
Defense attorney filed nothing in opposition and made no appearance.
If the claim had been set forth and filed with the answer, it would have been proper under R. 4:7-1.
Even if the statute of limitations had run on the employee's claim between the filing of the complaint and the filing of the answer, such as may occur when a plaintiff files on the last day, or a few days before the end of the period of limitations, some decisions indicate that justice requires such a counterclaim not be barred by the statute of limitations. A contrary holding would encourage many plaintiffs with weak claims to file on the last day to avoid counterclaims. See Azada v. Carson, 252 F. Supp. 988 (D. Hawaii 1966).
This matter does not present such a situation. The counterclaim is being asserted by a supplemental pleading after timely answer and subsequent running of period of limitations.
In 51 Am. Jur.2d, Limitation of Actions, § 200 at 767, it is stated:
*384 * * * According to the weight of authority, unless the limitation statute otherwise provides, a counterclaim or setoff which is not barred at the commencement of an action in which it is pleaded does not become barred afterward during the pendency of the action; in other words, if a right of action relied upon as a setoff or counterclaim is alive at the time of commencement of this suit against the owner of such right, the statute of limitations does not bar his right to assert it in that action, even though the full statutory period expires during the pendency of the action and before the claim is or can be pleaded. There is, however, considerable authority for the view that the statute continues to run against the counterclaim or setoff until it is actually pleaded in the action, * * * [Emphasis supplied]
Further, if a counterclaim is not asserted in the answer when filed but by way of supplemental pleading, and the statute of limitations has run at the time of asserting the counterclaim, even though it had not run at the commencement of the action, then it is barred. Id. at 768. See also, 34 Am. Jur., Limitations of Actions, § 65.
Counsel has not referred the court to any New Jersey case deciding the question. The court has found none. Atlantic City Hospital v. Finkle, supra, and Gibbins v. Kosuga, 121 N.J. Super. 252 (Law Div. 1972) are distinguishable.
In Gibbins plaintiffs, purchasers of land, sued defendants for breach of warranty more than six years after closing. Defendants answered and filed a counterclaim based on notes that were barred by the six-year statute of limitations, which notes were given as part of the purchase price.[1] In summary, the court held that plaintiffs' cause of action did not accrue until the breach was discovered but defendants' counterclaim was barred. However, the court concluded that defendant had the right to plead and use the notes as recoupment against the amount due plaintiff:
* * * The fact that recoupment seeks the reduction of a claim because of an offsetting claim arising out of exactly the same transaction would seem in logic and in equity to justify treating it differently *385 than a set-off which seeks a reduction because of an offsetting claim arising out of a totally unrelated transaction. To hold differently would be to permit the inequity of one party to a transaction demanding full performance from the other while refusing to perform fully itself. [at 258]
In Atlantic City Hospital v. Finkle, supra, plaintiff hospital sued to collect its bill for defendant's hospitalization in August, September and October 1966. Suit was commenced in February 1968. With consent an answer and counterclaim in three counts was filed in October 1969. The first count of the counterclaim alleged a breach of warranty by the hospital in rendering the services for which it sought payment with resultant personal injuries. The court held that the first count of the counterclaim could be used as a basis for recoupment. 110 N.J. Super. at 440.
The second count was negligence resulting in personal injuries. Defendant voluntarily abandoned this.
In the cases just referred to, the courts dealt with the problem as one of recoupment. In this action, the problem is whether there can be affirmative relief.
The reasoning underlying the general rule, stated above  that if, when the plaintiff commences the action, defendant has a counterclaim not then barred by the statute of limitations, then the statute will not bar the counterclaim during the pendency of the action  is intended to protect the defendant in two situations.
First, if plaintiff commences the action late, so that the statute of limitations will run before defendant can assert his or her claim out of the same transaction, then defendant should have a chance to assert the claim. This explains the language in some cases, that plaintiff has agreed, or is deemed to have agreed, to a waiver of the statute of limitations. See Azada v. Carson, supra.
The second is that if a defendant has asserted his claim, either before the statute has run or under the circumstances discussed in the preceding paragraph, the claim is asserted just as much as if defendant had a complaint as a plaintiff *386 and, therefore, the expiration of the period of limitations thereafter is immaterial. The action required to meet the purpose of the statute of limitations has been taken.
However, neither reason for justification is present where a party files an answer and lets the period of limitation expire before giving notice to the other side of an intent to assert a claim.
In recoupment, which is applied in many contract cases, equity is done by allowing a defendant to show plaintiff's lack of performance and limiting plaintiff's recovery to such amount in excess of such damages as is found. Each party should have knowledge of the facts surrounding the events.
In personal injury tort actions there is an important difference in respect to the element of damages. Damages are largely awarded upon changes that have occurred to the person's body. A lapse of time without the chance for medical investigation of the claimant may adversely prejudice the other party.
In Atlantic City Hospital v. Finkle, supra, defendant's claim for recoupment against the bill for services would pose problems of medical investigation. But plaintiff certainly had available medical information on defendant which the average party would not.
Although this motion is not made by the attorney who filed the answer, the court has considered R. 4:7-4 and inquired of counsel making the motion as to the background. It was represented to the court that employee had counsel of her own choice in connection with a municipal court hearing shortly after the events in question. So far as such counsel knew, no claim was asserted in workmen's compensation. Employee did not consult counsel about any claim against the present plaintiffs.
At the time this motion was made, the case had already been listed for a weekly trial call.
To the extent that the defenses of self-defense and provocation have been pleaded, employee will be able to use the facts to dispute liability on both counts.
*387 To the extent, if any, of the existence of any problem of employee's understanding about either representation or personal exposure for liability, that problem should be resolved elsewhere.
This court holds that the counterclaim sought to be asserted is barred by N.J.S.A. 2A:14-2. Under R. 4:7-4 the court should consider the fact that the period of limitations has run, as well as the absence of persuasive evidence to establish "oversight, inadvertence, or excusable neglect." The affidavit quoted above does not establish when employee learned her claim should be handled by another attorney.
The nature of the claim sought to be asserted is not accurately known, for no copy of the proposed counterclaim has been filed. If it involves physical injury, plaintiff will have to conduct the medical investigation of employee after the period of limitations has expired, which period was established to set a limit for such purposes.
Employee's motion to assert a counterclaim is denied.
NOTES
[1] The counterclaim was stricken on motion on the ground that it was barred by the statute of limitations. 121 N.J. Super. at 255.