[No. B029084. Second Dist., Div. Seven. Feb. 17, 1988.]

ERIK NELSON SIDNEY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
PAULINE H. KINOSHITA et al., Real Parties in Interest.

**COUNSEL**

Meyer & Meyer and Timothy E. Meyer for Petitioner.

No appearance for Respondent.

Julie Cloud Murry for Real Parties in Interest.

OPINION

THOMPSON, J.— ██ In this case we hold that the statute of limitations does not bar amending a compulsory cross-complaint to state a cause of action against the plaintiff for a different injury arising from the same accident where the cause of action was not barred when the original complaint was filed. Petitioner Erik Sidney seeks a writ of mandate commanding respondent superior court to grant him leave to amend his cross-complaint to seek damages for personal injury as well as property loss. Petitioner is the defendant in a negligence action (Kinoshita v. Sidney, Super. Ct. L.A. County, No. C 588711) filed by plaintiff Pauline Kinoshita.

On November 7, 1985, petitioner's car collided with a vehicle driven by plaintiff Kinoshita. On February 24, 1986, plaintiff filed a complaint for personal injury and property damage against petitioner. On April 17, 1986, petitioner filed a cross-complaint for property damages against plaintiff and Al Munari Produce.[1] On April 27, 1987, petitioner filed a notice of motion for leave to amend his cross-complaint by adding a cause of action for personal injuries.[2] Petitioner alleged his failure to include the personal injury claim in his first cross-complaint was due to the "mistake" and "neglect" of prior counsel, consisting of confusion between two attorneys (one retained by petitioner and one retained by his insurer). Plaintiff opposed the motion, arguing, inter alia, that petitioner was not entitled to relief under Code of Civil Procedure section 426.50[3] because he was not acting in good faith in failing to file a cause of action for personal injuries within the statute of limitations period.

The superior court denied petitioner's motion on the express ground that the "statute of limitations appears to have run on the personal injury claim." The court explained that the "[d]octrine of relation back does not apply in this situation when the original complaint related to a claim of 'property' damage" and cited to Barrington v. A.H. Robins Co. (1985) 39

[1] The original cross-complaint alleged the plaintiff was driving a vehicle owned by Al Munari Produce with Munari's consent in the course of employment and agency.

[2] Although Al Munari Produce was still named as a cross-defendant in the title, the proposed first amended cross-complaint alleged that plaintiff Kinoshita was the owner as well as the driver of the vehicle and did not refer to any alleged negligence by Al Munari Produce.

[3] Unless otherwise stated, all statutory references are to the Code of Civil Procedure.

Cal.3d 146 [216 Cal.Rptr. 405, 702 P.2d 563]. Petitioner sought mandamus relief and we granted an alternative writ.

## DISCUSSION

Petitioner contends that the trial court erred in denying him leave to amend on the ground that the one-year statute of limitations governing personal injury claims (§ 340, subd. (3)) had run. Petitioner claims that the statute was tolled by the filing of plaintiff's complaint for personal injuries sustained in the same accident. We agree.

At issue is whether the rule for applying the relation back doctrine to an amended compulsory cross-complaint is the same as for an amended complaint, rather than an initial cross-complaint. ■ In the case of a complaint, the general rule is that an "amended complaint relates back to the original complaint, and thus avoids the statute of limitations as a bar against named parties. . .[only] if it: (1) rests on the same general set of facts as the original complaint; and (2) refers to the same accident and same injuries as the original complaint." (*Barrington* v. *A.H. Robins Co., supra,* 39 Cal.3d 146, 151; *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 939-940 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].) Thus, if the same rule applies to amending the cross-complaint, the trial court's ruling was proper since after the expiration of the one-year statute, a complaint alleging only property damages could not be amended to seek damages for personal injury, a different primary injury.

■ Although "[o]rdinarily the statute of limitations will bar a cross-complaint in the same fashion as if the defendant had brought an independent action," the rule is different when "the original complaint was filed before the statute of limitations on the cross-complaint had elapsed." (*Liberty Mut. Ins. Co.* v. *Fales* (1973) 8 Cal.3d 712, 715, fn. 4 [106 Cal.Rptr. 21, 505 P.2d 213].) Such a cross-complaint need only be subject-matter related to the plaintiff's complaint—i.e., arise out of the same occurrence (see §§ 426.10, 428.10)—to relate back to the date of filing the complaint for statute of limitation purposes. (Weil & Brown, Cal. Practice Guide, Civil Procedure Before Trial (1987) ¶¶ 6:338-6:339 at p. 6-58.)

"[T]he courts have fashioned a rule that a statute of limitations is suspended or tolled as to a *defendant's* then unbarred causes of action against the plaintiff arising out of the same transaction by the filing of the plaintiff's complaint." (*Electronic Equipment Express, Inc.* v. *Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 844 [176 Cal.Rptr. 239]). " 'The principle underlying the rule that a statute of limitations is suspended by the filing of the original complaint is that the plaintiff has thereby waived the claim and

permitted the defendant to make all proper defenses to the cause of action pleaded." (*Trindade* v. *Superior Court* (1973) 29 Cal.App.3d 857, 859-860 [106 Cal.Rptr. 48].)

In *Trindade,* the plaintiff timely filed a negligence action for personal injuries against defendant Trindade. More than two years after the automobile accident, Trindade filed a cross-complaint against the plaintiff for personal injuries arising from the accident. The trial court sustained a demurrer without leave to amend on statute of limitations grounds. The appellate court reversed, holding the cross-complaint was not time-barred. The *Trindade* court pointed out: "It has consistently been held that the commencement of an action tolls the statute of limitations as to a defendant's then unbarred cause of action against the plaintiff" related to the accident or occurrence upon which the action is brought. (*Id.* at p. 860.)

We are satisfied that the same "relation back" standard applies for an amended cross-complaint as for an initial cross-complaint. Neither the underlying rationale of the rule nor the language of the cases proclaiming it indicates an intent to only toll the statute temporarily until an initial cross-complaint is filed. To the contrary, the waiver principle is based on plaintiff's action in commencing the action. The reason for the rule continues to exist so long as that action is pending and is unrelated to how many times it takes defendant to assert all his related defenses and claims.

Moreover, the cases make clear that the only relevant criteria for starting and ending the tolling of the statute are, respectively, the commencement of the action by the filing of the plaintiff's complaint and the end of the action by judgment. " 'The statute is a bar to the defendant's affirmative claim only if the period has already run when *the complaint is filed.* The filing of the complaint suspends the statute during the pendency of the action, and the defendant may set up his [cross] claim by appropriate pleading at any time.' [Citation]." (*Trindade* v. *Superior Court, supra,* 29 Cal.App.3d at p. 860; see also 3 Witkin, Cal. Procedure (3d ed. 1985) § 322, p. 353.) Early California cases show that the principle is well established that as long as a defendant's claim existed at the commencement of the action, the statute remains suspended throughout the action. (See, e.g., *McDougald* v. *Hulet* (1901) 132 Cal. 154, 160-161 [64 P. 278].)

In *Whittier* v. *Visscher* (1922) 189 Cal. 450, 456 [209 P. 23], our Supreme Court, in rejecting a claim that a cross-complaint was barred by the statute of limitations, explained: "[T]he authorities in this state seem to be agreed that if the right of action relied on was alive at the commencement of the suit the statute does not run against it, when, as in this case, the full statutory period has expired thereafter during the pendency of the action

and before the claim is pleaded as a cross-complaint." The *Whittier* court further pointed out that this rule was declarative of the common law principle that if the defendant's claim " 'is not barred at the commencement of the action in which it is pleaded, it does not become so barred afterward during the pendency of that action, and in pleading the statute of limitations. . .it must be shown that the bar of the statute had matured when the original action was commenced, and it is not sufficient to aver a bar when the [claim] was filed.' " (*Ibid.*)

Similarly, in *Jones* v. *Mortimer* (1946) 28 Cal.2d 627, 633 [170 P.2d 893], our Supreme Court stated that "the statute of limitations is not available to plaintiff as to defendants' counterclaim [now cross-complaint] if the period has not run on it at the time of commencement of plaintiff's action even though it has run when the [cross-claim] is pleaded." (See also *Union Sugar Co.* v. *Hollister Estate Co.* (1935) 3 Cal.2d 740, 746 [47 P.2d 273].)

Furthermore, in *McDougald* v. *Hulet, supra,* 132 Cal. 154, the court not only rejected the trial's court conclusion that the cross-complaint was barred but also held that the court erred in denying the defendant leave to file a second amended answer during the trial. The *McDougald* court stated that "[t]he filing of the complaint suspended the running of the statute of limitations as to the matters arising out of the transaction" set forth "in the answer, whether it is called an answer, or a counterclaim, or a cross-complaint" which "existed at the commencement of the action." (*Id.* at pp. 160-161.) In holding that the refusal to permit amendment at time of trial was error, the court stressed that amendments should be liberally allowed.

We perceive no reason to fashion a rule to restart the statute of limitations running again as soon as a defendant files an initial cross-complaint. █ Because of the strong public policy that seeks to dispose of litigation on the merits rather than on procedural grounds, the statute of limitations is a disfavored defense which should be strictly construed so as to avoid forfeiture of rights. (*Barrington* v. *A. H. Robins Co., supra,* 39 Cal.3d at p. 152.) █ The objective of statutes of limitation in barring stale claims (see, e.g., *Addison* v. *State of California* (1978) 21 Cal.3d 313, 317 [146 Cal.Rptr. 224, 578 P.2d 941]) is not involved here since the amended cross-complaint arises from the same automobile collision incident as the complaint and was therefore no more stale than the complaint. (See Annot., Tort Counterclaim—Statute of Limitations (1976) 72 A.L.R.3d 1065, 1068, 1079-1082.) Moreover, since it is well settled that the statute of limitations could not have barred defendant-petitioner from waiting to file an initial cross-complaint for personal injuries as well as property damage at any time during pendency of the action up until judgment, the amended cross-complaint filed herein before trial was no more stale than an initial cross-com-

plaint might have been. Indeed, here the personal injury cause of action was filed a year and one-half after the accident whereas in *Trindade,* it was not filed till more than two years after.

We decline to restrict the "relation-back" rules governing amendment of a compulsory cross-complaint to those governing amendment of a complaint. Plaintiff and defendant are not in parallel positions. Plaintiff chose to initiate the lawsuit. The defendant has no choice but to defend.

Moreover, the Legislature has created a distinctive statutory scheme regulating compulsory cross-complaints. Where as here, the cause of action is related to the subject-matter of the plaintiff's complaint, defendant must raise all possible claims by cross-complaint or be forever barred from asserting any of them in any later lawsuit even as a defensive offset (§ 431.70) and even if the limitations period had not expired (§ 426.30). Furthermore, in the chapter on compulsory cross-complaints, the Legislature has not only made it clear that the court retains power to permit a defendant to amend a cross-complaint to avoid forfeiture of a related claim but has also mandated liberality in allowing such amendments at any time during the course of the lawsuit. (§ 426.50.)

Section 426.50 provides that a "party who fails to plead a cause of action subject to the requirements of this article, whether through oversight, inadvertence, mistake, neglect, or other cause, may apply to the court for leave to amend his pleading, or to file a cross-complaint, to assert such cause at any time during the course of the action. The court, after notice to the adverse party, shall grant, upon such terms as may be just to the parties, leave to amend the pleading, or to file the cross-complaint, to assert such cause if the party who failed to plead the cause acted in good faith. This subdivision shall be liberally construed to avoid forfeiture of causes of action."

We, therefore, conclude that the statute of limitations does not bar amending a cross-complaint to state a cause of action against the plaintiff for a different injury arising from the same accident where the cause of action was not barred when the original complaint was filed. Hence, the trial court erred in ruling that petitioner's cause of action for personal injury against plaintiff Kinoshita was barred by the statute of limitations since it was not barred at the time plaintiff filed his negligence action arising out of the same motor vehicle accident.[4]

---

[4]The proposed amended cross-complaint appears to be directed only against plaintiff Kinoshita. Petitioner apparently does not seek to state a cause of action for personal injury against cross-defendant Al Munari Produce Company. Nor could he do so. There is no toll-

■ Plaintiff argues that a peremptory writ should not issue because "[w]ithout regard to the relation back doctrine" the court properly denied petitioner's motion since "the prerequisite of good faith was lacking."

■ The provision in section 426.50 relating to "good faith" does allow trial courts a "modicum of discretion" in allowing amendments to cross-complaints. (*Gherman* v. *Colburn* (1977) 72 Cal.App.3d 544, 559 [140 Cal.Rptr. 330].) Nonetheless, what constitutes "good faith" must be determined in conformity with the liberality conferred upon the trial courts by the section and by prior law. (*Foot's Transfer & Storage Co.* v. *Superior Court* (1980) 114 Cal.App.3d 897, 902 [171 Cal.Rptr. 1].) "[T]his principle of liberality requires that a strong showing of bad faith be made in order to support a denial of the right to file a cross-complaint under this section." (*Id.* at p. 902.) "It is preferable that the parties have their day in court." (*Id.* at p. 904.)

■ Ordinarily, a trial court's denial of a motion to amend a cross-complaint without explanation would constitute an implicit finding the petitioner had not acted in good faith and our review would be limited to determining whether there was substantial evidence to support that determination. (*Id.* at p. 902.) The parties had addressed the good faith issue in their papers. But here, the trial court made clear in its written ruling citing *Barrington* v. *A. H. Robins Co., supra,* 39 Cal.3d 146, that its order denying petitioner leave to amend his cross-complaint was exclusively based on its erroneous holding that the statute of limitations had "run on the personal injury claim" because the "[d]octrine of relation back does not apply in this situation when the original complaint related to a claim of 'property' damage."

Accordingly, we will issue a peremptory writ requiring the respondent court to vacate its order and proceed to exercise its discretion in view of the well-established liberality principles governing the application of section 426.50.

---

ing or "relation back" to save cross-complaints against third parties brought into the action by the defendant. No waiver can be inferred as to a third party. Since Munari did not do any act in the nature of a waiver, the reason for the rule that a statute of limitations is suspended upon the filing of the original complaint does not exist. (*Trindade* v. *Superior Court, supra,* 29 Cal.App.3d 857, 859-860.) A cross-complaint against Munari must be timely on the date it is filed. In short, for purposes of the statute of limitations, such a cross-complaint against a third party is treated the same as a complaint and subject to the same "relation back" doctrine.

Here, petitioner's original cross-complaint against Munari, filed in April 1986, five months after the accident, was timely. But an amended claim for personal injury filed in April 1987 would be barred by the one-year statute of limitations. It cannot relate back to the original April 1986 cross-complaint for property damages because it does not seek recovery for the "same injuries." (*Barrington* v. *A.H. Robins Co., supra,* 39 Cal.3d 146, 151. Weil & Brown, Cal. Practice Guide, Civil Procedure Before Trial, *supra,* ¶¶ 6:429, 6:431-6:431.2 at pp. 6-77-6-78.1.)

## DISPOSITION

The alternative writ is discharged. Let a peremptory writ of mandate issue compelling the respondent superior court to vacate its order denying petitioner's motion for leave to amend his cross-complaint, and thereafter, to reconsider said motion in accordance with the views expressed herein. The petition is otherwise denied.

Lillie, P. J., and Johnson, J., concurred.