[No. A049894. First Dist., Div. Three. July 29, 1991.]

LUNA RECORDS CORPORATION, INC., Plaintiff and Appellant, v. CARLOS E. J. ALVARADO et al., Defendants and Respondents.

## COUNSEL

Sayre & Wilson and Edwin W. Wilson for Plaintiff and Appellant.

Arnold E. Ogren for Defendants and Respondents.

## OPINION

**MERRILL, Acting P. J.**— ██ ██ Appellant Luna Records Corporation, Inc., appeals from an order of the Sonoma County Superior Court sustaining without leave to amend the demurrer of respondents Carlos E. J. Alvarado, California Broadcasting System, Marta Moreno Figueroa and Difusora del Valle, and granting respondents' motion to strike the complaint because it was barred by the statute of limitations.[1] We affirm.

### FACTS

The complaint for rescission in the instant action was filed by appellant on July 29, 1988, in Sonoma County, and included the following allegations. Appellant and respondents entered into a written contract on January 9, 1981, whereby respondents agreed to sell certain shares of stock to appellant for a total purchase price of $850,000. Appellant made an initial installment payment of $99,000 and a cartridge player. On June 1, 1981, appellant

---

[1] Orders granting a motion to strike a pleading and sustaining a demurrer without leave to amend are nonappealable. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 82, 83, 89, pp. 104-105, 110.) However, the trial court's order sustaining the demurrer and granting the motion to strike included a complete opinion in support of the orders and constituted a final judicial determination of the merits; accordingly we treat the order as an appealable judgment. (9 Witkin, *supra*, § 90, p. 111.)

notified respondents in writing that it had rescinded the contract because of failure of consideration on the part of respondents. Appellant offered to restore to respondents all consideration given by them upon the condition that respondents restore to appellant the consideration advanced by it. On June 8, 1981, respondents consented in writing to the rescission. However, respondents failed and refused to restore to appellant the $99,000 plus the cartridge player. On August 7, 1981, respondents filed a complaint against appellant in Los Angeles County Superior Court alleging a cause of action for breach of contract. On August 1, 1985, the Los Angeles County action was dismissed on the court's own motion for lack of prosecution.

The parties and trial court in the Sonoma County action, which is the subject of this appeal, agree that although given an open extension of time to plead, appellant never filed an answer or a cross-complaint or any paper in the Los Angeles County action.

## DISCUSSION

Code of Civil Procedure section 337 establishes a four-year statute of limitation for an action based upon a written rescission of a contract. The section further provides that the time begins to run "from the date upon which the facts that entitle the aggrieved party to rescind occurred." (Code Civ. Proc., § 337, subd. 3.) The parties agree that this statute applies, and that it began to run on June 8, 1981, when respondents consented in writing to appellant's rescission. ■ Therefore the statute of limitations has run on the Sonoma County action for rescission unless the statute was uncondi- tionally tolled because of the Los Angeles County action. (See generally, 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 318, p. 348.)

Appellant contends that the statute was unconditionally tolled during the four years, from August 7, 1981, to August 1, 1985, that the Los Angeles County action was pending, and that therefore the filing of this action in July 1988 was timely. We disagree.

In his compilation on civil procedure Mr. Witkin sets out the general rule in California in respect to the effect of the statute of limitations on a potential cross-complaint. ■ "The statute is a bar to the defendant's affirmative claim only if the period has already run when the complaint is filed. The filing of the complaint suspends the statute during the pendency of the action, and the defendant may set up his [or her] claim by appropriate pleading at any time. [Citations.] . . . [W]here [the cross-complaint] is against the plaintiff, [the statute] is tolled, and the cross-complaint is timely despite the fact that it is filed after the period would have run on an

independent action. [Citations.]" (3 Witkin, Cal. Procedure, *supra*, Actions, § 322, pp. 353-354, italics omitted.)

 This correctly states the general rule. But neither Witkin nor any authority to which we have been directed addresses the question raised in the case at bench—whether the filing of a complaint tolls the statute of limitations on a cause of action which although it could be pled as a cross-complaint is never filed in an initial action, but which is brought as a subsequent complaint by the party named as defendant in the initial action. Stated another way, may appellant here rely on an asserted tolling of the statute of limitations in a previous action although he did not respond in any way to the complaint in that action? When we examine the rationale of the general rule and the manner in which it is applied, we are convinced that it does not apply to the situation before us. Therefore we will affirm the trial court's ruling.

The general rule was codified in former Code of Civil Procedure section 438, which provided that a defendant could set up a counterclaim " 'existing at the commencement of the action.' " (*Perkins* v. *West Coast Lumber Co.* (1898) 120 Cal. 27, 28 [52 P. 118]; *Lyon* v. *Petty* (1884) 65 Cal. 322, 324-325 [4 P. 103].) Thus, it has often been stated, even after repeal of section 438, that "[t]he filing of the complaint suspended the running of the statute of limitations as to the matters arising out of the transaction set forth therein. [Citing *Perkins, supra,* and former § 438.]" (*McDougald* v. *Hulet* (1901) 132 Cal. 154, 160-161 [64 P. 278]; *Western etc. Co.* v. *Tuolumne etc. Corp.* (1944) 63 Cal.App.2d 21, 31 [146 P.2d 61]; *Luther* v. *Foster* (1957) 150 Cal.App.2d 725, 729 [310 P.2d 655], overruled on another ground in *Palmer* v. *Gregg* (1967) 65 Cal.2d 657, 661-662 [56 Cal.Rptr. 97, 422 P.2d 985].)

The rule is usually stated in terms of the statute of limitations being "tolled" or "suspended" by the filing of the complaint. In explaining why the rule does not apply to a cross-action against a new party or a codefendant other than the plaintiff, several Court of Appeal decisions have stated, " 'The principle underlying the rule that a statute of limitations is suspended by the filing of the original complaint is that the plaintiff has thereby waived the claim and permitted the defendant to make all proper defenses to the cause of action pleaded. But, where the controversy is limited to cross-defendants, none of whom has done any act in the nature of a waiver the reason for the rule does not exist.' " (*Trindade* v. *Superior Court* (1973) 29 Cal.App.3d 857, 859-860 [106 Cal.Rptr. 48].) Similarly, when respondents here filed the Los Angeles complaint, they waived the statute of limitations as to all proper defenses to that particular cause of action. However, as appellant never

asserted any defense or cross-complaint in that action, the purpose for the waiver rule never matured, and the suspension never came into play.

The reason that appellant cannot rely on tolling or suspension which never occurred becomes clearer if the concept is viewed not as one of "tolling" or "suspending" the statute of limitations, but of "relating back" the time of filing the cross-complaint to the time of filing the complaint. ■ As the court explained in *Sidney v. Superior Court* (1988) 198 Cal.App.3d 710 [244 Cal.Rptr. 31], "[A] cross-complaint need only be subject-matter related to the plaintiff's complaint—i.e., arise out of the same occurrence . . .—to *relate back* to the date of filing the complaint for statute of limitations purposes. (Weil & Brown, Cal. Practice Guide, Civil Procedure Before Trial (1987) ¶¶ 6:338-6:339 at p. 6-58.)" (*Id.*, at p. 714, italics added.)

The *Sidney* court held that the "relation back" doctrine applies not only to the filing of an initial cross-complaint but to the filing of an amended cross-complaint as well. (198 Cal.App.3d at p. 715.) This was true even though the statute of limitations would have run on the new cause of action alleged in the amended cross-complaint but for the relation back to the commencement of the action. The court explained that "[t]he reason for the rule continues to exist *so long as that action is pending* and is unrelated to how many times it takes defendant to assert all his related defenses and claims. [¶] Moreover, the cases make clear that the only relevant criteria for starting and ending the tolling of the statute are, respectively, the commencement of the action by the filing of the plaintiff's complaint and the end of the action by judgment. . . . Early California cases show that the principle is well established that as long as a defendant's claim existed at the commencement of the action, the statute remains suspended *throughout the action*. [Citation.]" (*Id.*, at p. 715, italics added.)

Therefore, it is the fact that the action is pending that triggers the relation back doctrine and allows a defendant to file in that action a cross-complaint which was viable when the complaint was filed. The reason for the rule, as stated in *Trindade v. Superior Court, supra,* 29 Cal.App.3d at page 860, is that the plaintiff is deemed to have waived the bar of a statute of limitations which would have prevented defendant from making a proper defense. (Weil & Brown, Cal. Practice Guide, Civil Procedure Before Trial (The Rutter Group 1987) ¶ 6:338, p. 6-58.) If defendant makes no appearance and offers no defense or cross-claim, there is simply nothing to relate back. In that case, as here, the reason for the rule does not exist, and the rule should not apply.[2]

Many foreign jurisdictions are even more stringent than California when it comes to permitting a tolling of the statute of limitations. These courts take

---

[2]The rationale for the rule and the question of its applicability apply equally whether the action under consideration is one in tort, as *Trindade*, or in contract, as here. The better-

the position that if a cross-claim is not made by the time the answer is filed, and the statute of limitations has run at the time of asserting the cross-claim, even though the statute had not run at the commencement of the action, then it is barred.

In *Giambuttista v. Bradlees Incorporated* (1974) 130 N.J.Super. 381 [327 A.2d 256], plaintiff filed a complaint well within the two-year statute of limitations against a shopkeeper and an employee for assault and battery. The defendants filed answers just after the first year of the two-year statute had run, simply denying the claim and setting forth defenses of self-defense and provocation. More than one year later, and more than three months after the running of the statute, the employee's attorney moved for permission to file a counterclaim on behalf of the employee to recover for injuries suffered. The court denied the motion. (*Giambuttista, supra*, 327 A.2d at pp. 257, 260.)

The court explained its holding as follows: "The reasoning underlying the general rule . . .—that if, when the plaintiff commences the action, defendant has a counterclaim not then barred by the statute of limitations, then the statute will not bar the counterclaim during the pendency of the action—is intended to protect the defendant in two situations. [¶] First, if plaintiff commences the action late, so that the statute of limitations will run before defendant can assert his or her claim out of the same transaction, then defendant should have a chance to assert the claim. This explains the language in some cases, that plaintiff has agreed, or is deemed to have agreed, to a waiver of the statute of limitations. [Citation.] [¶] The second is that if a defendant has asserted his [or her] claim, either before the statute has run or under the circumstances discussed in the preceding paragraph, the claim is asserted just as much as if defendant had a complaint as a plaintiff and, therefore, the expiration of the period of limitations thereafter is immaterial. The action required to meet the purpose of the statute of limitations has been taken. [¶] However, neither reason for justification is present where a party files an answer and lets the period of limitation expire before giving notice to the other side of an intent to assert a claim." (*Giambuttista, supra*, 327 A.2d at p. 259.) Accordingly the motion to file a counterclaim was denied. The rationale stated by the *Giambuttista* court in respect to notice applies with even greater force to the case at bench. ▉ There is no justification in our case for tolling the statute of limitations or for allowing a pleading to relate back to the filing of a former

reasoned cases find no distinction based on this difference. (E.g., *Armstrong* v. *Logsdon* (Ky.Ct.App. 1971) 469 S.W.2d 342, 343 [72 A.L.R.3d 1061], following *Azada* v. *Carson* (Hawaii 1966) 252 F.Supp. 988.)

complaint where appellant did not give notice to respondents of its intent to assert a claim while respondents' original complaint was pending.

A decision by the Georgia Court of Appeal is illustrative of the restrictive stance taken by the courts in respect to cross-claims so as not to denigrate the purposes for which a statute of limitation is enacted. (*Champion* v. *Wells* (1976) 139 Ga.App.759 [229 S.E.2d 479].) An automobile collision occurred on December 14, 1972, when a car driven by Champion struck a stopped vehicle operated by Dantzler, throwing it into another stopped vehicle operated by Wells. Wells filed suit against Champion on September 24, 1973, and Champion filed an answer on October 16, 1973. Champion filed an amended answer on December 19, 1973, adding several defenses but not seeking affirmative relief. Plaintiff Wells voluntarily dismissed her complaint on March 19, 1975, just before a jury returned a verdict. Wells recommenced her suit against Champion a week later. On April 24, 1975, Champion answered the complaint and filed a counterclaim seeking damages for personal injuries and expenses. The same day Champion filed a third party complaint and cross-claim against Dantzler. The trial court granted Wells's motion to dismiss Champion's counterclaim, and the appellate court affirmed as to Wells. (229 S.E.2d at pp. 479-480.)

The court relied on a Georgia statute which basically parallels the holding of the New Jersey court in *Giambuttista*.[3] The court found that defendant could have filed his counterclaim in the prior suit even though the statute had otherwise run, but that defendant was barred from doing so in the recommenced suit, the statute having run in December 1974, prior to the time the main action was recommenced in March 1975. (229 S.E.2d at p. 480.)

We think the reasoning of the Georgia court applies by analogy to the case before us, and that appellant, having failed to seek relief in the Los Angeles action, which would have served to relate its filing back to the commencement of that case, is barred from bringing its own action long after the statute of limitations has run. Unlike cases where relation back is permitted, this case presents the dangers to which a statute of limitation is directed. ■ As expressed by our Supreme Court "[s]uch statutes are designed to promote justice by preventing the revival of hoary claims that

---

[3]The Georgia statute provided: " 'The limitations of time within which various actions may be commenced and pursued within this State to enforce the rights of the parties are extended, only insofar as the enforcement of rights which may be instituted by way of counterclaim and cross-claim, so as to allow parties, up to and including the last day upon which the answer or other defensive pleadings should have been filed, to commence the prosecution and enforcement of rights by way of counterclaim and cross-claim provided that the final date allowed by such limitations for the commencement of such actions shall not have expired prior to filing of the main action.' " (*Champion, supra*, 229 S.E.2d at p. 480, quoting Ga. Code Ann. § 3-810 (Ga.Laws 1964, p. 165; 1967, pp. 226, 243).)

have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." (*Liberty Mut. Ins. Co.* v. *Fales* (1973) 8 Cal.3d 712, 718 [106 Cal.Rptr. 21, 505 P.2d 213].)

The trial court found that there were no facts to support a tolling of the statute of limitations in this case. We agree.

The judgment is affirmed.

Strankman, J., and Chin, J., concurred.