NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORTH COUNTY COMMUNICATIONS CORPORATION, a California corporation, | No.   15-56678 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 3:09-cv-02685-CAB-JLB |
| v. | MEMORANDUM[*] |
| SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware limited partnership, | |
| Defendant-counter-claimant-Appellee. | |

| | |
|---|---|
| NORTH COUNTY COMMUNICATIONS CORPORATION, a California corporation, | No.   15-56722 |
| Plaintiff-counter- defendant-Appellee, | D.C. No. 3:09-cv-02685-CAB-JLB |
| v. | |
| SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware limited partnership, | |
| Defendant-counter-claimant-Appellant. | |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted May 8, 2017
Pasadena, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and RICE,[**] Chief District Judge.

North County Communications (NCC) and Sprint both appeal the district court's order resolving their contract dispute in favor of Sprint but holding that Sprint had no recoverable damages within the applicable statute of limitations.

The parties' relationship was governed by their 2002 Settlement and Switched Access Service Agreement ("the Agreement"). We review de novo a district court's interpretation of a contract. *United States v. 1.377 Acres of Land*, 352 F.3d 1259, 1264 (9th Cir. 2003). If its interpretation is based on extrinsic evidence, however, then we review any related factual determinations for clear error and the application of law de novo. *See id.* (citing *Tamen v. Alhambra World Inv., Inc.* (*In re Tamen*), 22 F.3d 199, 203 (9th Cir. 1994)).

The Agreement was premised on NCC's provision of local exchange service. Because the FCC's interpretation and application of the Communications

---

[**] The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

2

Act of 1934 was incorporated into the Agreement, the district court looked to the Act's definition of "telephone exchange service" to determine whether NCC provided local exchange service. We agree with this approach.

Based on its examination of a substantial amount of evidence, the district court held that HFT, the only entity to which NCC terminated calls, was not a *bona fide* subscriber of local exchange services and that NCC therefore had not provided local exchange services as required by the Agreement. Specifically, the court found that "the whole payment arrangement between NCC and HFT is a sham business deal designed to create the illusion of a *bona fide* carrier-customer relationship in compliance with . . . its contractual obligation with Sprint." It further found that "NCC made a wilfully false attempt to demonstrate a business arrangement with HFT," including by generating "false and misleading documents" and "false discovery responses." These findings of fact were not clearly erroneous. Applying the Agreement—as informed by the Communications Act and the FCC's interpretation thereof—to these facts, we also conclude that NCC did not provide local exchange services. We thus affirm the district court's conclusion that NCC's breach of contract claim fails and Sprint's breach of contract counterclaim succeeds.

The parties dispute the applicable statute of limitations for Sprint's counterclaim. We conclude that the district court should have applied California

law's four-year statute of limitations rather than the Communications Act's two-year statute of limitations. Although the Agreement provides that it is "expressly subject to the Communications Act," it also states that "California law governs all substantive matters pertaining to the interpretation and enforcement of the terms of this Agreement." Because all the claims and counterclaims that were tried in this case arose under state law, the district court should have applied the state's statute of limitations to those claims, especially given the parties' clear intent that state law govern the enforcement of the Agreement.

Finally, Sprint argued, citing *Chavez v. City of Hayward*, No. 14-cv-00470-DMR, 2015 WL 3562166, at *4 (N.D. Cal. June 8, 2015), that the district court erred by calculating the limitations period for Sprint's counterclaim from the date it filed its answer rather than the date that NCC filed the complaint. *See also Burlington Indus. v. Milliken & Co.*, 690 F.2d 380, 389 (4th Cir. 1982) ("[T]he better view holds that 'the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.'" (quoting 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1419, at 109 (1971) (footnote omitted)); *Trindade v. Super. Ct.*, 106 Cal. Rptr. 48, 49-50 (Ct. App. 1973). NCC has not disputed that the district court erred in this regard. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009). We thus reverse the district court's application of the statute of limitations and remand for it to

4

calculate the limitations period based on the date of the filing of the complaint.

Accordingly, we **AFFIRM IN PART, REVERSE IN PART,** and

**REMAND** for the district court to apply the California law limitations period,

calculated based on the filing of the complaint. Costs are awarded to Sprint.